CARTER, C.J.
|aAlvin Dangerfield, a former employee of Hunt Forest Products, Inc., who was injured in a workplace accident, appeals a judgment dismissing his disputed claim requesting a psychiatric evaluation. Hunt and its insurer, Crawford and Company, have answered the appeal, contending that Dangerfield was untruthful and should forfeit all benefits pursuant to La.Rev.Stat. Ann. § 23:1208, and alternatively request *217 ing that this court limit Dangerfield’s entitlement to benefits.
FACTS AND PROCEDURAL HISTORY
On May 26, 2008, Dangerfield was injured in an accident that occurred at his workplace, a plywood plant operated by Hunt. Dangerfield was performing his job as a dryer tender and attempting to unplug the machine that dried thin layers of wood later made into plywood, when the machine suddenly started and caught Dangerfield’s right hand in a sprocket. As a result of injuries suffered in the accident, Dangerfield’s pointer and small fingers were amputated. His long and ring fingers were not amputated, but are now in a hooked position.
Dangerfield was treated by Dr. Eric George, a hand surgeon, for over a year dating from the initial emergency room visit. In October 2008, after three surgical procedures, Dr. George determined that Dangerfield reached maximum medical recovery and assigned a 45% impairment of the hand, which equated to a 42% impairment of the upper extremity. Dangerfield returned to work at Hunt and remained a Hunt employee until the plant closed in May 2009.
Following the accident, Hunt paid workers’ compensation benefits, first in the form of total disability benefits and then permanent partial |sdisability benefits. In July 2009, Dangerfield requested an evaluation by his choice of psychiatrist, Dr. John MacGregor. Hunt denied the request. Dangerfield then filed a disputed claim for compensation.
The workers’ compensation judge (“WCJ”) determined that Dangerfield did not meet his burden of establishing that a psychiatric evaluation and treatment was medically necessary and denied Dangerfield’s claim. Dangerfield now appeals, contending the WCJ erred in denying his request for a psychiatric evaluation. Hunt has answered the appeal raising multiple issues, including Dangerfield’s forfeiture of workers’ compensation benefits under La. Rev.Stat. Ann. § 23:1208, and his entitlement to indemnity benefits.
DISCUSSION
We first address the issue raised by Hunt in its answer to Dangerfield’s appeal that Dangerfield willfully made false statements and therefore forfeited his right to receive workers’ compensation benefits.
Pursuant to La.Rev.Stat. Ann. § 23:1208, an employee who makes a false statement for the purpose of obtaining workers’ compensation benefits shall forfeit any right to compensation benefits. The requirements for forfeiture of benefits under § 23:1208 are: 1) a false statement or representation; 2) that is willfully made; 3) for the purpose of obtaining any benefit or payment. A claimant does not forfeit benefits merely by making inconsistent statements or inadvertent admissions. Clark v. Godfrey Knight Farms, Inc., 08-1723 (La.App. 1 Cir. 2/13/09), 6 So.3d 284, 290, writ denied, 09-0562 (La.5/29/09), 9 So.3d 163. Statutory forfeiture of workers’ compensation benefits is a harsh remedy and as such must be strictly construed. Life Flight of New Orleans v. Homrighausen, 05-2538 (La.App. 1 Cir. 12/28/06), 952 So.2d 45, 50, writ denied, 07-0558 (La.5/4/07), 956 So.2d 615.
In his deposition testimony, Dangerfield explained that after the accident, he suffered sleeplessness due to nightmares and cold sweats, as well as nervous shakes. Dangerfield attested that he told Dr. George he was not getting sleep and having cold sweats, shakes, and depression problems. Dr. George has no record of any such remarks by Dangerfield. In fact, *218 Dr. George found Dangerfield to be highly motivated, with no indications of psychological problems or depression. Dangerfield also attested that on his last visit he asked Dr. George about seeing a psychologist or psychiatrist, but Dr. George ignored him or directed him elsewhere.
Dr. George testified that if Dangerfield had made such a request, it is more likely than not that he would have indicated such in Dangerfield’s records, although he would not necessarily have made the requested referral. Dr. George limited his testimony to the contents of his medical records and could not say for certain that Dangerfield did not tell him about the psychological issues. Dr. George could only state that his records contain no notes to that effect and that it would be unusual for him to omit that if it were relayed to him. Thus, Dr. George opined that it was more likely than not that Dangerfield did not make any such statements. Dangerfield maintains that he relayed the information to Dr. George.
The judgment on appeal is silent as to the issue of forfeiture, which is deemed to be a rejection of the demand. See Robertson v. Sun Life Financial, 09-2275 (La.App. 1 Cir. 6/11/10), 40 So.3d 507, 510. Considering the record before us, which essentially is an attempt to prove | ¿the falsity of Dangerfield’s statement by the absence of a medical record notation, we do not find that a forfeiture of benefits is warranted.[1]
We now turn to the issue raised by Dangerfield’s appeal, which is whether the WCJ erred in dismissing his disputed claim requesting a psychiatric evaluation as well as penalties and attorney’s fees.
An employer has a statutory duty to furnish all necessary medical treatment caused by work-related injury. La. Rev.Stat. Ann. § 23:1203 A. In addition to treatment designed to cure the work-related injury, the employer must furnish palliative treatment necessary to relieve pain. Jennings v. Ryan’s Family Steak House, 07-0372 (La.App. 1 Cir. 11/2/07), 984 So.2d 31, 39. A WCJ’s determination regarding medical necessity is entitled to great weight and will not be disturbed on appeal in the absence of manifest error or unless clearly wrong. Lang-Parker v. Unisys Corporation, 00-0880 (La.App. 1 Cir. 10/5/01), 809 So.2d 441, 449.
Additionally, La.Rev.Stat. Ann. § 23:1121 B(l) provides:
The employee shall have the right to select one treating physician in any field or specialty. The employee shall have a right to the type of summary proceeding provided for in R.S. 23:1124(B), when denied his right to an initial physician of choice. After his initial choice the employee shall obtain prior consent from the employer or his workers’ compensation carrier for a change of treating physician within that same field or specialty. The employee, however, is not required to obtain approval for change to a treating physician in another field or specialty.
|fiIn this case, it is undisputed that Dr. George was Dangerfield’s treating physician. Dr. George’s specialty is orthopedic surgery. Having completed his *219 treatment with Dr. George, Dangerfield now wishes to seek treatment by a physician in another field or specialty—psychiatry. Under the plain language of La.Rev. Stat. Ann. § 28:1121 B(l), Dangerfield was not required to obtain approval to make such a change.
The workers’ compensation scheme sets forth specific provisions regarding mental injury caused by physical injury. The mental injury must be demonstrated by clear and convincing evidence and, to be compensable, must be diagnosed by a licensed psychiatrist or psychologist according to specific enumerated criteria. La.Rev.Stat. Ann. § 23:1021(8)(c) and (d). Our supreme court has cautioned reviewing courts to analyze claimed disabilities caused by mental conditions carefully and with utmost caution, recognizing the nebulous characteristics of mental conditions and the possibility of symptoms being easily feigned. Charles v. South Central Industries, 96-0883 (La.11/25/96), 683 So.2d 706, 709.
The WCJ in this case determined that Dangerfield did not meet his burden of proving the medical necessity of a psychiatric evaluation. Although an employer is only responsible for necessary medical treatment, the statutory scheme requires a diagnosis by a psychologist or psychiatrist as a prerequisite to a finding that treatment for a mental injury is necessary. See La.Rev.Stat. Ann. § 23:1021(8)(c),(d). At this stage, Dangerfield has not been evaluated by any psychiatric professional. Considering the traumatic injury suffered, we find that the WCJ erred in dismissing Dangerfield’s request for a psychiatric evaluation by his choice of physician in the psychiatric field. The WCJ likewise erred in denying benefits for |7“any purported mental injury claim.” Our decision is limited to entitlement of a choice of psychiatric professional and initial evaluation. Whether Hunt is responsible for any treatment must be determined thereafter in accordance with the statutory requirements.
Dangerfield contends that penalties should be awarded pursuant to La. Rev.Stat. Ann. § 23:1201 F, which provides for the imposition of penalties for failure to timely pay benefits or consent to the employee’s request to select or change physicians when such consent is required. The statute provides that penalties “shall be assessed” unless the claim is reasonably controverted. In order to reasonably controvert a claim, the employer must have some valid reason or evidence for refusing to pay, or must have based its decision on a nonfrivolous legal dispute. Sims v. BFI Waste Services, L.L.C., 06-1319 (La.App. 1 Cir. 5/16/07), 964 So.2d 998, 1005.
In this case, Dangerfield’s treating physician of record, Dr. George, did not find that any psychological treatment was necessary. While we have determined that Dangerfield is entitled to seek a psychiatric evaluation, we find that Dr. George’s opinion on the matter provides a valid basis for Hunt’s actions. In reaching this conclusion, we are mindful that as a penal statute, La.Rev.Stat. Ann. § 23:1201 must be strictly construed. See Sims, 964 So.2d at 1005. Accordingly, no penalties are warranted. For the same reasons, we likewise find that no attorney’s fees are warranted.[2]
Lastly, Hunt has requested that this court amend the judgment on appeal to either find that Dangerfield is not entitled to any indemnity benefits or rights whatso *220 ever, or that Dangerfield’s indemnity-rights are ^limited solely to permanent partial disability payments, with no entitlement to other indemnity benefits, including supplemental earnings benefits. The WCJ explicitly found that the issue of supplemental earnings benefits was not before her at the time of the hearing and made no ruling on the issues. While Hunt listed this issue in its pretrial order under the section identifying issues to be litigated, the issue clearly was not litigated. Therefore, this matter remains outstanding and will not be considered on appeal for the first time.
CONCLUSION
For the reasons set forth herein, the judgment appealed is reversed insofar as it dismisses Dangerfield’s disputed claim requesting a choice of physician in the psychiatric field and for any purported mental injury claim. This matter is remanded to the Office of Workers’ Compensation for further proceedings. Costs of this appeal are assessed to Hunt Forest Products, Inc., and Crawford and Company.
REVERSED AND REMANDED.
GAIDRY and WELCH, JJ., concur.

. The general principle is that the issue of whether an employee forfeited workers' compensation benefits by willfully making false statements is one of fact, which should not be reversed on appeal absent manifest error. When findings are based on a credibility determination, a factfinder's decision to credit the testimony of one of two or more witnesses can virtually never be manifestly erroneous. Moreover, where two permissible views of the evidence exist, the factfinder’s choice between them cannot be manifestly erroneous. Clark, 6 So.3d at 290.

. We note that in his appellate brief, Dangerfield argues for an award of attorney's fees based on La.Rev.Stat. Ann. § 23:1121 C, which was repealed by 2003 La. Acts 1204, § 2. Attorney’s fees are, however, recoverable under La.Rev.Stat. Ann. § 23:1201 F, which Dangerfield cited for the imposition of penalties.