PETTIGREW, J.
| ¡¡Claimant, Betty Jean Starkey, appeals from a judgment of the Office of Workers’ Compensation (“OWC”). For the reasons that follow, we affirm.
*572 FACTS AND PROCEDURAL HISTORY
At all times pertinent hereto, Ms, Starkey was employed by Livingston Parish Council, and had been so employed for four years. Ms. Starkey was initially hired as a custodian in a maintenance shop, but was later moved into the office to handle inventory paperwork for parts and tractors. On August 10, 2010, Ms. Starkey suffered a work-related injury. According to Ms. Starkey, she was seated at her desk and attempted to open the bottom drawer, when the “desk drawer [got] hung up” and “yanked” and “twisted” her around, causing her to injure her back. Following this accident, Ms. Starkey was treated by Dr. Thad Broussard, an orthopedic surgeon, for her back injury. She never returned to work for Livingston Parish Council after this accident and was subsequently terminated from her position effective September 30, 2011.
At the time of this incident, Livingston Parish Council was covered through a policy of workers’ compensation insurance issued by Louisiana Workers’ Compensation Corporation (“LWCC”). LWCC began paying Ms. Starkey weekly benefits in the amount of $214.67, but terminated same effective September 16, 2010, after learning that Ms. Starkey was involved in an automobile accident on that date that increased her back and neck complaints. LWCC further learned that Ms. Starkey had undergone unauthorized treatment with an orthopedic surgeon, Dr. Jason Smith, following the automobile accident and eventually underwent back surgery on February 28, 2011. Concluding that Dr. Smith was not authorized and not Ms. Starkey’s choice of physician in the specialty of orthopedic surgery, LWCC decided that Dr. Smith would not be paid for his treatment of Ms. Starkey.
On October 12, 2011, Ms. Starkey filed a disputed claim for compensation against Livingston Parish Council and LWCC (sometimes collectively referred to as “defendants”), alleging that the termination of her benefits was arbitrary and capricious and based on an | ?,erroneous allegation that her back Injury was aggravated by a later accident. In addition, Ms. Starkey asserted that she had been denied her choice of an orthopedic surgeon, arguing that her previous consultation with Dr. Thad Broussard, an orthopedic surgeon who does not perform spine surgery, should not have been a basis to deny her the right to see Dr. Jason Smith, the orthopedic surgeon who operated on her back.
On January 24, 2012, Ms. Starkey filed a motion for summary judgment, asserting that there were no genuine issues of material fact “as to Dr. Jason Smith being Ms. Starkey’s first choice of physician for orthopedic spine surgeon” or as to whether “Ms. Starkey suffered a back injury on the job during the course and scope of her employment with Livingston Parish Council, and that her back injury was in no way caused or aggravated by her subsequent September 16, 2010 car accident.” Ms. Starkey argued that she was entitled to summary judgment as a matter of law. The motion for summary judgment proceeded to hearing on March 2, 2012, at which time the OWC heard argument from respective counsel and considered the documentary evidence submitted by the parties. Subsequently, on March 6, 2012, the OWC rendered judgment and written reasons for judgment denying Ms. Starkey’s motion.
Thereafter, the matter proceeded to trial before the OWC on March 19, 2012, and was taken under advisement. On April 26, 2012, the OWC issued judgment finding as follows: 1) that Ms. Starkey had carried her burden of proving that she suffered a *573 work-related accident on August 10, 2010, that caused injury and disability to her back that continued until at least September 16, 2010, when the automobile accident occurred; 2) that Ms. Starkey failed to prove that any disability due to her back injury that existed after September 16, 2010, was a result of the August 10, 2010 work accident; and 3) that no additional workers’ compensation benefits not already paid were to be awarded. The OWC dismissed Ms. Starkey’s claim against defendants with prejudice.
|4It is from this judgment that Ms. Starkey has appealed, assigning the following specifications of error for our review:
1) The [OWC] erred in denying [Ms. Stanley’s] well pled and supported motion for summary judgments[1]
2) The [OWC] erred in ruling [Ms. Starkey] is not entitled to [workers’] compensation benefits after September 16, 2010.
3) The [OWC] erred in failing to declare after trial [Ms. Starkey’s] treatment with Dr. Jason E. Smith and Our Lady of the Lake Hospital was reasonable and necessary, necessitated by the work injury, and that defendants were obligated to pay for those services.
4) The [OWC] erred in failing after trial to rule defendants were arbitrary and capricious in terminating [Ms. Starkey’s] benefits on August 11, 2011 and for failing to pay for reasonable and necessary treatment by Dr. Jason E. Smith and Our Lady of the Lake Hospital.
APPLICABLE LAW

Standard of Review

The manifest error standard of review applies in workers’ compensation cases, and great deference is accorded to the OWC’s factual findings and reasonable evaluations of credibility. Veal v. American Maintenance and Repair, Inc., 2004-1785, p. 5 (La.App. 1 Cir. 9/23/05), 923 So.2d 668, 672. The two-part test for the appellate review of facts is: 1) whether there is a reasonable factual basis in the record for the finding of the trial court, and 2) whether the record establishes that the finding is not manifestly erroneous. Mart v. Hill, 505 So.2d 1120, 1127 (La.1987). Thus, if there is no reasonable factual basis in the record for the trial court’s finding, no additional inquiry is necessary to conclude there was manifest error. However, if a reasonable factual basis exists, an appellate court may set aside a trial court’s factual finding only if, after reviewing the record in its entirety, it determines the trial court’s | ¡finding was clearly wrong. See Stobart v. State through Dept. of Transp. and Development, 617 So.2d 880, 882 (La.1993). Furthermore, when factual findings are based on determinations regarding the credibility of witnesses, the manifest error standard demands great deference to the findings of the trier of fact, for only the fact finder can be aware of the variations in demeanor and tone that bear so heavily on the listener’s understanding and belief in what is said. Rosell v. ESCO, 549 So.2d 840, 844 *574 (La.1989). Thus, “[i]f the [fact finder’s] findings are reasonable in light of the record reviewed in its entirety, the court of appeal may not reverse, even though convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently.” Sistler v. Liberty Mut. Ins. Co., 558 So.2d 1106, 1112 (La.1990). Consequently, when there are two permissible views of the evidence, the fact finder’s choice between them cannot be manifestly erroneous. Bolton v. B E & K Const., 2001-0486, p. 7 (La.App. 1 Cir. 6/21/02), 822 So.2d 29, 35.

Burden of Proof/Causation

The Louisiana Workers’ Compensation Act provides coverage to an employee for personal injury caused by an accident arising out of and in the course of his employment. La. R.S. 23:1031(A). An employee must prove the chain of causation required by the workers’ compensation statutory scheme, as adopted by the legislature, and must establish that the accident was employment related, that the accident caused the injury, and that the injury caused the disability. Hirstius v. Tropicare Service, LLC, 2011-1080, p. 2 (La.App. 1 Cir. 12/21/11), 80 So.3d 1215, 1216.
Initially, a workers’ compensation claimant has the burden of establishing by a preponderance of the evidence that an accident occurred on the job and that he sustained an injury. Id. A worker’s testimony is sufficient to discharge the burden of proving an accident, provided that two elements are first satisfied: (1) no other evidence discredits or casts serious doubt upon the worker’s version of the incident, and (2) the worker’s testimony is corroborated by the circumstances surrounding the alleged incident. Carter v. Lakeview Regional Medical Center, 2004-1794, p. 4 (La.App. 1 Cir. 9/23/05), 923 So.2d 686, 688.
| (¡“Accident” is defined in La. R.S. 23:1021(1) as “an unexpected or unforeseen actual, identifiable, precipitous event happening suddenly or violently, with or without human fault, and directly producing at the time objective findings of an injury which is more than simply a gradual deterioration or progressive degeneration.” Whether a claimant has carried his or her burden of proof and whether testimony is credible are questions of fact to be determined by the trier of fact and subject to the manifest error standard of review. Allman v. Washington Parish Police Jury, 2004-0600, p. 3 (La.App. 1 Cir. 3/24/05), 907 So.2d 86, 88.
An employee in a workers’ compensation action has the burden of establishing a causal link between the accident and the subsequent disabling condition. Walton v. Normandy Village Homes Ass’n, Inc., 475 So.2d 320, 324 (La.1985). Where, as here, the employee suffered from a preexisting medical condition, he may still prevail if he proves that the accident “aggravated, accelerated, or combined with the disease or infirmity to produce death or disability for which compensation is claimed.” Id. In Walton, the Louisiana Supreme Court recognized the existence of a presumption to aid plaintiffs in cases involving a preexisting condition:
In order for the employee to recover, it must be determined that the employment somehow caused or contributed to the disability, but it is not necessary that the exact cause be found. A claimant’s disability is presumed to have resulted from an accident, however, if before the accident the injured person was in good health, but commencing with the accident the symptoms of the disabling condition appear and continuously manifest themselves afterwards, providing either that there is sufficient medical evidence to show there to be a reasonable possi *575 bility of causal connection between the accident and the disabling condition, ... or that the nature of the accident, when combined with the other facts of the case, raises a natural inference through human experience of such a causal connection.
Preexisting disease or infirmity of the employee does not disqualify a claim if the work-injury aggravated, accelerated, or combined with the disease or infirmity to produce death or disability for which compensation is claimed. Correl-atively, when an employee proves that before the accident he had not manifested disabling symptoms, but that commencing with the accident the disabling symptoms appeared and manifested themselves thereafter, and that there is either medical or circumstantial evidence indicating a reasonable possibility of causal connection between the accident and the activation of the disabling condition, the employee’s l7work injury is presumed to have aggravated, accelerated or combined with his preexisting disease or infirmity to produce his disability.
Walton, 475 So.2d at 324-325 (citations omitted).
The finding of disability within the framework of the workers’ compensation law is a legal rather than a purely medical determination. Therefore, the question of disability must be determined by reference to the totality of the evidence, including both lay and medical testimony. Ultimately, the question of disability is a question of fact, which cannot be reversed in the absence of manifest error. Batiste v. Tenet Healthcare Carp., 2009-1192, p. 4 (La.App. 1 Cir. 2/12/10), 35 So.3d 352, 355, writ denied, 2010-0559 (La.5/7/10), 34 So.3d 864.

Medical Benefits

On the issue of payments for particular medical services, an injured employee is not entitled to recover for medical expenses where he or she fails to substantiate a claim. La. R.S. 23:1203; Starks v. Universal Life Insurance Company, 95-1003, p. 5 (La.App. 1 Cir. 12/15/95), 666 So.2d 387, 391, writ denied, 96-0113 (La.3/8/96), 669 So.2d 400. Pursuant to La. R.S. 23:1203, the employee must prove that the expenses are reasonably necessary for treatment of a medical condition caused by the work injury. Patterson v. Long, 96-0191, p. 11 (La.App. 1 Cir. 11/8/96), 682 So.2d 1327, 1334, writ denied, 96-2958 (La.2/7/97), 688 So.2d 499. The question of whether a claimant is entitled to medical benefits is ultimately a question of fact, and the OWC’s resolution of that issue may not be disturbed by the appellate court in the absence of manifest error or unless clearly wrong. Starks, 95-1003 at 5, 666 So.2d at 391.

Statutory Penalties

Under the applicable statutory provisions of La. R.S. 23:1201(F), penalties and attorney fees are recoverable for failure to pay benefits unless “the claim is reasonably controverted or if such nonpayment results from conditions over which the employer or insurer had no control.” La. R.S. 23:1201 F(2). A claim is reasonably controverted when the employer has sufficient factual and/or medical information to reasonably 1 ^counter evidence presented by the claimant. Pitre v. Buddy’s Seafood, 2011-0175, p. 10 (LaApp. 1 Cir. 8/16/12), 102 So.3d 815, 823, writ denied, 2012-2058 (La.11/16/12), 102 So.3d 41. A determination of whether an employer has failed to reasonably controvert a claim is a question of fact and is subject to the manifest error standard of review. Atwell v. *576 First General Services, 2006-0392, p. 13 (La.App. 1 Cir. 12/28/06), 951 So.2d 348, 357, writ denied, 2007-0126 (La.3/16/07), 952 So.2d 699. The decision to impose penalties and attorney fees is essentially a factual issue subject to the manifest error or clearly wrong standard of review. Frith v. Riverwood, Inc., 2004-1086, p. 12 (La.1/19/05), 892 So.2d 7, 15.
ANALYSIS

Denial of Ms. Starkey’s Motion for Summary Judgment (Assignment of Error No. 1)

A motion for summary judgment is a procedural device used to avoid a full-scale trial when there is no genuine issue of material fact. Craig v. Bantek West, Inc., 2004-0229, p. 5 (La.App. 1 Cir. 9/17/04), 885 So.2d 1241, 1244. The summary judgment procedure is favored and is designed to secure the just, speedy, and inexpensive determination of every action (except those disallowed in La. Code Civ. P. art. 969). La.Code Civ. P. art. 966(A)(2). The motion should be granted only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits, show that there is no genuine issue as to material fact and that mover is entitled to judgment as a matter of law. La.Code Civ. P. art. 966(B)(2).
On a motion for summary judgment, the burden of proof is on the mover. If, however, the mover will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the mover’s burden on the motion does not require that all’ essential elements of the adverse party’s claim, action, or defense be negated. Instead, the mover need only point out to the court that there is an absence of factual support for one or more elements essential to the adverse party’s claim, action, or defense. Thereafter, the adverse party must produce factual evidence sufficient to establish that he will be able to satisfy his evidentia-ry burden of |nproof at trial. If the adverse party fails to meet this burden, there is no genuine issue of material fact, and the mover is entitled to summary judgment. La.Code Civ. P. art. 966(C)(2); Janney v. Pearce, 2009-2103, p. 5 (La.App. 1 Cir. 5/7/10), 40 So.3d 285, 288-289, writ denied, 2010-1356 (La.9/24/10), 45 So.3d 1078.
In ruling on a motion for summary judgment, the judge’s role is not to evaluate the weight of the evidence or to determine the truth of the matter, but instead to determine whether there is a genuine issue of triable fact. Hines v. Garrett, 2004-0806, p. 1 (La.6/25/04), 876 So.2d 764, 765. Despite the legislative mandate that summary judgments are now favored, factual inferences reasonably drawn from the evidence must be construed in favor of the party opposing the motion, and all doubt must be resolved in the opponent’s favor. Willis v. Medders, 2000-2507, p. 2 (La.12/8/00), 775 So.2d 1049, 1050.
When appropriate under Articles 966 and 967, summary judgment is available in workers’ compensation cases. See La. Code Civ. P. art. 966(A)(2); La. R.S. 23:1317(A); Craig, 2004-0229, at 5, 885 So.2d at 1244. In determining whether summary judgment is appropriate, appellate courts review evidence de novo, using the same standards applicable to the trial court’s determination of the issues. Berard v. L-S Communications Vertex Aerospace, LLC, 2009-1202, p. 5 (La.App. 1 Cir. 2/12/10), 35 So.3d 334, 339-340, writ denied, 2010-0715 (La.6/4/10), 38 So.3d 302. An appellate court thus asks the same questions as does the trial court in determining whether summary judgment is appropriate: whether there is any genuine issue of material fact, and whether the mover is entitled to judgment as a matter *577 of law. Ernest v. Petroleum Service Corp., 2002-2482, p. 2 (La.App. 1 Cir. 11/19/03), 868 So.2d 96, 97, writ denied, 2003-3439 (La.2/20/04), 866 So.2d 830. The review of a summary judgment in a workers’ compensation case is conducted in the same manner. Davis v. AMS Tube Corp., 2000-1311, p. 4 (La.App. 1 Cir. 6/22/01), 801 So.2d 466, 468, writ denied, 2001-2122 (La.11/2/01), 800 So.2d 877.
hnIn written reasons for judgment, the OWC noted as follows in denying Ms. Starkey’s motion for summary judgment:
The credibility of [Ms. Starkey] has been called into question so the OWC Court wants to hear the claimant as a live witness at trial for determinations of credibility.
Most importantly for this MSJ hearing, the extent of injury and disability due to the work-related accident on August 10, 2010 are at issue. To make a determination on these issues at MSJ, the court will not “evaluate the weight of the evidence” of the various physicians whose opinions and records have been admitted into evidence.
The extent of injury and disability herein must be decided at a trial on the merits due to genuinely disputed material facts surrounding claimant’s pre-exist-ing back condition since 2008, the work-related accident of August 2010, and car-incident in September of 2010.
We have thoroughly reviewed the record before us and agree with the OWC that summary judgment was not warranted in this case. In opposition to Ms. Starkey’s motion for summary judgment, defendants submitted medical records that cast dispersions on Ms. Starkey’s credibility as it relates to her complaints to various medical providers regarding this incident. As correctly noted by the OWC in its reasons for judgment, its role was not to “evaluate the weight of the evidence of the various physicians whose opinions and records have been admitted into evidence.” Thus, summary judgment was properly denied in this matter. This assignment of error has no merit.

Denial of Benefits and Failure to Reimburse Medical Expenses (Assignments of Error Nos. 2 and 3)

After hearing from the witnesses and considering the documentary evidence in the record, the OWC concluded that Ms. Starkey was within the course and scope of her employment with Livingston Parish Council when she suffered a work-related accident on August 10, 2010, causing injury and disability to her back that continued until at least September 16, 2010, when the automobile incident occurred. Following our exhaustive review of the record and exhibits in this matter, we are unable to say the OWC erred in determining that Ms. Starkey sustained a.work-related accident as defined in La. R.S. 23:1021(1). The OWC’s ruling is reasonable and supported by the record.
[ nThe next issue we must address is the OWC’s finding that Ms. Starkey was not entitled to any additional workers’ compensation benefits because she failed to carry her burden of proof that any disability due to her back injury that existed after September 16, 2010, was a result of the work accident of August 10, 2010. In written reasons for judgment, the OWC concluded as follows, with regard to causation and credibility:
Claimant Starkey was not [in] good health as to her back prior to the work-related accident of August 10, 2010. Furthermore, Starkey was not truthful about the prior condition of her back when she discussed it with the doctors of this case. Injections of Toradol close in time and prior to the alleged work-accident is [sic]' of great significance. Therefore, claimant was not entitled to
*578 any presumption of causation due to lack of good health pre-accident. Furthermore, it was only claimant’s testimony that she did not take prescription medication while at work to perform her job duties.
Claimant was not truthful when she failed to disclose a non-work auto incident with the power line, which occurred September 16, 2010. That happened one month after the work-accident. A tort suit was filed by claimant and her husband on the auto incident involving a downed power line.
Claimant’s attorney went to great lengths to try to correct alleged errors as to the back and/or neck in various medical reports and in the lawsuit filed on behalf of claimant for the auto incident with the power line.
Due to the close proximity in time of the work-accident (August 10, 2010) and subsequent auto incident (September 16, 2010), claimant’s credibility is crucial in sorting out what areas of the body were injured by the auto incident. Claimant did not contend at trial that the auto incident aggravated her pre-existing back injury of August 10, 2010. Claimant specifically claimed that the undisclosed auto incident did not aggravate her back.
Although the “corrective” work done by claimant’s attorney was extensive, it still did not overcome claimant’s lack of credibility due to the prior back condition not properly disclosed and the undisclosed auto incident. It was just not enough to cover the damage done by claimant’s weak credibility.
As this court has previously noted, the determinations by the OWC as to whether Ms. Starkey discharged her burden of proof was a factual determination that will not be disturbed on review in the absence of manifest error. Allman, 2004-0600 at 3, 907 So.2d at 88. Ms. Starkey was clearly not in “good health” prior to the 2010 work accident such that she would be entitled to the presumption of causation. See Walton, 475 So.2d at 324. The record is replete with evidence that Ms. Starkey made multiple complaints of back pain to Dr. Broussard in the months and years preceding the work accident, including a visit on July 16, 2010, wherein Dr. Broussard noted “back complaints” in the chart along with “I have given her Toradol” and “Recheck in the office for followup.” Moreover, although Ms. Starkey testified at trial that her back pain prior to the work accident was minimal, medical records indicate that Ms. Starkey received multiple Toradol injections for her back before the accident and was taking pain medication on a regular basis during that period as well. In fact, on August 9, 2010, the day before the accident in question, Dr. Broussard’s records reflect that a prescription for hydrocodone was faxed to Thrift Town Pharmacy for Ms. Starkey.
Noting Ms. Starkey’s “lack of credibility” and “weak credibility,” the OWC opined that any disability due to Ms. Starkey’s back injury that existed after September 16, 2010, was not caused by the August 10, 2010 work injury, but rather was related to Ms. Starkey’s preexisting back condition and the subsequent September 16, 2010 automobile incident. Based upon a complete review of the record, we decline to say that the OWC was clearly wrong in this finding. The OWC’s ruling Is reasonable and supported by the record. While Ms. Starkey proved that a work accident occurred, she failed to prove that the work accident caused any disability after September 16, 2010. Accordingly, Ms. Starkey was not entitled to any additional workers’ compensation benefits or *579 reimbursement for medical expenses associated with her treatment by Dr. Smith. Was Termination of Beneñts and Failure to Pay Medicals Arbitrary and Capricious (Assiynment of Error No. 4)
In her final assignment of error, Ms. Starkey argues that defendants terminated her benefits based solely on a single erroneous January 25, 2011 report from Dr. Smith that stated that the September 16, 2010 automobile accident had caused an aggravation of Ms. Starkey’s back pain. Ms. Starkey points to Dr. Smith’s November 15, 2011 office notes where he corrects his mistake and states that the work accident caused the back pain and the subsequent automobile accident caused an aggravation to h.othe preexisting neck pain only. Thus, Ms. Starkey maintains, defendants were arbitrary and capricious in their failure to reasonably controvert her claim for benefits.
Defendants counter that there was sufficient evidence to support the termination of Ms. Starkey’s benefits. Defendants note Ms. Starkey’s inconsistency in reporting her intervening automobile accident to her multiple healthcare providers, the fact that Ms. Starkey misrepresented the existence of her prior treatment for back pain to the employer’s choice of physician, and the petition for damages filed by Ms. Starkey wherein she alleged back injury due to the September 16, 2010 automobile accident, only to provide evidence of a retraction of that allegation shortly before the trial of this matter. Defendants argue that “there were multiple objective reasons upon which to rely in terminating” Ms. Starkey’s benefits and that their actions were neither arbitrary nor capricious.
Based on our thorough review of the record, we agree with defendants and find no merit to Ms. Starkey’s arguments on this issue. Defendants had reasonable grounds to controvert Ms. Starkey’s claim for benefits beyond September 16, 2010, the date of her automobile accident. Thus, Ms. Starkey was not entitled to penalties and attorney fees for defendants’ actions in terminating her benefits or in failing to pay for her treatment by Dr. Smith.
DECREE
For the above and foregoing reasons, the April 26, 2012 judgment of the OWC is affirmed. All costs associated with this appeal are assessed against appellant, Betty Jean Starkey.
AFFIRMED.

. The denial of Ms. Starkey’s motion for summary judgment would generally be a non-appealable interlocutory judgment. La.Code Civ. P. arts. 968 and 2083. However, it may be reviewed on an appeal of a final judgment in the suit. See Devers v. Southern University, 97-0259, pp. 15-16 (La.App. 1 Cir. 4/8/98), 712 So.2d 199, 209. In this case, since the OWCs judgment disposed of all the relief prayed for by Ms. Starkey, it is a final judgment. See La.Code Civ. P. art. 1841. Therefore, it is appropriate for this court to review the OWC's ruling that denied Ms. Starkey’s motion for summary judgment in reviewing the OWCs judgment on the merits. Parish Nat. Bank v. Wilks, 2004-1439, p. 4 n. 6 (La.App. 1 Cir. 8/3/05), 923 So.2d 8, 11 n. 6.