KUHN, J.
12Claimant-appellant, Denise T. Ranzino, appeals the dismissal by summary judgment of her claims for medical treatment as well as for penalties and attorney fees against her former employer, defendant-appellee Our Lady of the Lake Regional Medical Center (OLOL), based on OWC’s conclusion that claimant could not sustain her burden of proving that the need for surgical intervention was related to the accident for which she suffered an on-the-job injury. Finding an outstanding issue of material fact precludes dismissal of her claims by summary judgment, we reverse.

Undisputed Facts:

OLOL does not dispute that Ranzino is a nurse who, on February 27, 2004, sustained an injury while she was working to, among other things, her lower back when she fell after tripping over her shoe lace, which had been caught in the locking mechanism of an OLOL patient’s recliner chair. It is also undisputed that Ranzino has a preexisting injury, a pars defect in her lower spine.[1]

Applicable Substantive Law:

An employer has a statutory duty to furnish all necessary medical treat *767 ment caused by a work-related injury. See La. R.S. 23:120SA; Dangerfield v. Hunt Forest Products, Inc., 2010-1324 (La.App. 1st Cir.3/25/11), 63 So.3d 214, 218, writ denied, 2011-0814 (La.6/3/11), 63 So.3d 1019. The employee must prove that the expenses are reasonably necessary for treatment of a medical condition caused by the work injury. The question of whether a claimant is entitled to medical benefits is ultimately a question of fact. Starkey v. Livingston Parish Council, 2012-1787 (La.App. 1st Cir.8/6/13), 122 So.3d 570, 575.
When an employee proves that before the accident she had not manifested disabling symptoms, but commencing with the accident the disabling symptoms | sappeared and manifested themselves and medical or circumstantial evidence indicates a reasonable possibility of causal connection, the employee’s work injury is presumed to have aggravated or accelerated the preexisting disease to produce her disability. See Peveto v. WHC Contractors, 630 So.2d 689, 691 (La.1994); Starkey, 122 So.3d at 574-75.
Generally, where a factual determination is at issue in a motion for summary judgment, OWC cannot “evaluate the weight of the evidence” of the various physicians whose opinions and records have been admitted into evidence. Rather, factual issues must be decided at a trial on the merits due to genuinely disputed material facts surrounding a claimant’s preexisting condition and the work-relatéd accident. See Starkey, 122 So.3d at 577 (extent of claimant’s injury and disability were questions of fact properly addressed at the trial on the merits).

Application of Substantive Law to Undisputed Facts in a Motion for Summary Judgment:

In support of entitlement to summary judgment OLOL urgéd, and OWC agreed, that the medical records and the opinions of both neurosurgeons demonstrate that Ranzino cannot meet her burden of proving that the recommended back surgery and the symptoms that necessitate that surgery are causally related to the 2004 accident. And while our review does indeed confirm that OLOL has offered a reasonable factual basis to support OWC’s conclusion that the back surgery Ranzino asks her former employer to pay is not causally related to the on-the-job accident, the issue before us on appeal is whether there is any evidence that would allow a trier of fact to reach the opposite conclusion, i.e., that the need for the surgery was causally related to the oñ-the-job accident.
On appeal, Ranzino urges that she is entitled to application of the Peveto presumption that the work-related injury aggravated or accelerated her pre-existing lower back condition. The records of Edward Schwartenzburg, Ranzino’s obstetrics |4and gynecology doctor, showed that in October 2002, Ranzino complained that she had pelvic and lower back pain. But the doctor’s note also indicated that Ranzino was complaining of severe dysmenorrhea and neither of the medical experts’ deposition testimony related that low back pain directly to Ranzino’s pars defect condition. Indeed, neurosurgeon Dr. Kelly Scrantz expressly declined to state an opinion relative to the back pain associated with dys-menorrhea vis-a-vis that of pars defect of the spine. The record also contains Ranzi-no’s deposition testimony stating that she had not experienced any lower back pain between 1997 and the 2004 accident. With this showing, Ranzino produced factual evidence sufficient to establish that she will be able to satisfy her evidentiary burden of proof at trial. See La. C.C.P. art. 966C(2). Although not the only permissible interpretation of the evidence, clearly, the trier *768 of fact would not be manifestly erroneous if he or she relied on this evidence to apply the presumption that the work-related accident aggravated or accelerated Ranzino’s preexisting pars defect condition.
On appeal, OLOL asserts that even with an application of the Peveto presumption, Ranzino still cannot meet her burden of proof that the requested back surgery is causally related to the on-the-job accident. Relying on the deposition testimony of Dr. Scrantz along with that of neurosurgeon, Dr. Najeeb Thomas, OLOL maintains that their collective opinions, concluding that the surgery is not causally related to the 2004 work accident is the only one in the record and, therefore, the only possible finding a trier of fact can make as a result of the evidence admitted at the hearing.
Dr. Thomas’s testimony was that while the initial trauma of the 2004 accident may have initially aggravated Ranzino’s preexisting pars defect condition, because Ran-zino had been symptomatic before the 2004 accident and there was a period of time in 2010 where she did not have any pain whatsoever, the need for the back surgery could not be related to the on-the-job injury. He buttressed his opinion with Ifjhis review of Ranzino’s medical records, explaining that with pars defect patients, either the condition manifests with consistent pain; or the patient experiences periods of waxing and waning pain. Since between 2004 and 2010, Ranzino’s pain waxed and waned, and then after a two-to-three-month period of time where she sought no treatment her pain became consistent, Dr. Thomas opined that the subsequent 2010 symptomology was based on a new manifestation of the pars defect injury unrelated to the earlier onset, a “progression” of the degenerative condition. Dr. Scrantz agreed with Dr. Thomas’s opinion, adding that “at some point you get far enough out from a particular event where it becomes very difficult to link.” Thus, this testimony supports the factual conclusion that the back surgery Ranzino requested OLOL to pay was not causally related to the 2004 accident. But this alone is not enough to grant summary judgment. The record must be devoid of evidence sufficient to establish the surgery that Ranzino sought is causally related to the 2004 accident as well.
Also introduced into evidence were the records of Dr. Sandra Weitz, who was Ranzino’s treating physician for pain management commencing in 2005. On August 11, 2010, Dr. Weitz opined that because there had been no subsequent events to account for Ranzino’s waxing and waning lower back pain, the injury was related to the 2004 accident.
Additionally, in his deposition testimony, Dr. Thomas acknowledged that when trauma causes continued pain with no dimin-ishment of inflammation and continued symptomology, the injury could be related to the trauma. He also admitted that pain management could result in periods of time where a patient’s pain is diminished although not totally extinguished. Dr. Scrantz concurred with Dr. Thomas on this point.
The record shows, and OLOL does not dispute, that in an attempt to obtain relief from the lower back pain she experienced commencing with the 2004 accident, |fiRanzino underwent epidural steroid injections, rhizotomies, and nerve blocks. Ranzino testified that while these measures would initially provide relief for periods of time, during 2010, they were no longer effective. The record is replete with evidence showing that throughout the entire period between 2004 and 2011, when she requested that OLOL pay for the back surgery, she was consistently taking prescription narcotic medication. And while there were times that Ranzino reported *769 she needed less medication than at other times, she regularly continued to have her prescription filled.
Because the experts’ opinions were based in part on a finding that for a period of two-to-three months in 2010 Ranzino experienced no pain “whatsoever,” and the record contains evidence that Ranzino’s pain could have been present but masked by the effects of prescription narcotic medication, epidural steroid injections, rhizoto-mies, and nerve blocks, Ranzino produced factual evidence sufficient to support a finding that during that two-to-three month period she was in pain. Thus, a trier of fact could reasonably reject the opinions of Drs. Thomas and Serantz and, instead, rely on Dr. Weitz’s statement relating the need for the back surgery to the 2004 accident. In reaching the factual conclusion that the back surgery is related to the 2004 accident, a trier of fact could also reasonably determine that but for the masking effects from pain management measures, Ranzino experienced consistent pain related to the trauma of the 2004 work accident, in accordance with Dr. Thomas’s testimony. Since the record contains evidence sufficient to establish that the surgery Ranzino sought is causally related to the 2004 accident — as well as evidence that it was not causally related to the 2004 accident — an outstanding issue of material fact precludes summary judgment, and OWC erred in dismissing Ranzi-no’s claims.

DECREE

Accordingly, the OWC judgment is reversed. Appeal costs are assessed against defendant-appellee, Our Lady of the Lake Regional Medical Center.
REVERSED.

. The expert medical testimony explained a pars defect as a small bone in the spine that did not form correctly and indicated it made Ranzino more susceptible to spondylolisthe-sis, which is a slippage of one the vertebrae onto another.