878 So.2d 875 (2004)
Gary D. HOWARD, Plaintiff-Appellant,
v.
HOLYFIELD CONSTRUCTION, INC., Defendant-Appellee.
No. 38,728-WCA.
Court of Appeal of Louisiana, Second Circuit.
July 14, 2004.
Rehearing Denied August 12, 2004.
*876 Robert M. Hanna, Shreveport, for Appellant.
Crawford & Anzelmo by Donald J. Anzelmo, Monroe, for Appellee.
Before BROWN, STEWART and CARAWAY, JJ.
STEWART, J.
This is an appeal by Gary D. Howard ("Howard") from a decision by the Office of Workers' Compensation denying him the right to select a treating physician, supplemental earnings benefits (SEB), and penalties and attorney fees. For the following reasons, we reverse in part, amend in part, affirm in part, and remand.

FACTS
A trial on the merits was first held in this matter February 20, 2002, where the following facts were established:

*877 1. Howard was an employee of Holyfield Construction, Inc. ("HCI") on February 7, 2000.
2. On February 7, 2000, Howard sustained injuries from an accident arising out of the course and scope of his employment for HCI.
3. Howard's weekly wage was $480.00.
4. Howard's weekly indemnity for temporary total disability benefits ("TTD") was $320.00.
At the conclusion of the trial the Workers' Compensation Judge ("WCJ") dismissed Howard's case and its demands on the basis of finding a violation of La. R.S. 23:1208. Howard appealed that decision, and this court reversed the WCJ's finding and remanded the matter for further proceedings. See Howard v. Holyfield, 36,734 (La.App.2d Cir.3/18/03), 839 So.2d 1277. The facts of this matter are discussed more fully in Howard, supra. We will not be unnecessarily repetitive here.
Upon remand, the WCJ held that Howard did not prove that he was entitled to TTD, examination by his choice of upper extremity specialist, or penalties and attorney fees in connection with those claims. However, the WCJ ruled in favor of Howard, awarding him a $2,000.00 penalty, and $500.00 attorney fees for HCI's failure to timely pay the retroactive adjustment of Howard's TTD which was made necessary based on HCI's recalculation of Howard's weekly wage and TTD rate. This appeal ensued.

DISCUSSION

Standard of Review
Factual findings in workers' compensation matters are subject to the manifest error or clearly wrong standard of appellate review. Crotwell v. Holloway Sportswear, 32-038 (La.App.2d Cir.06/16/99), 740 So.2d 748. In applying the manifest error or clearly wrong standard, the court must determine not whether the trier of fact was wrong, but whether the factfinder's conclusion was a reasonable one. We find the WCJ manifestly erred by denying Howard's claim for supplemental earnings benefits (SEB).

Supplemental Earnings Benefits (SEB)
Howard contends that the WCJ committed manifest error in her determination that the issue of SEB was not properly before the court. The form 1008 shows that "disability status" is checked as a part of the "Bona-fide Dispute." Pointing to the opening arguments and evidentiary disputes in the record, Howard asserts that SEB were firmly pronounced as an issue before the court. Moreover, SEBs are a lesser included element of TTD. La. R.S. 23:1221(3)(c)(i); Graham v. Georgia-Pacific Corp., 26-165, (La.App.2d Cir.9/23/94), 643 So.2d 352; Clark v. Bobby L. Clark Trucking, 28, 405 (La.App.2d Cir.6/26/96), 679 So.2d 157.
The purpose of SEB is to compensate the injured employee for the wage earning capacity he has lost as a result of his accident. Pinkins v. Cardinal Wholesale Supply, Inc., 619 So.2d 52 (La.1993); Caparotti v. Shreveport Pirates Football Club, 33, 570 (La.App.2d Cir.8/23/00), 768 So.2d 186. An employee is entitled to receive SEB if he sustains a work related injury that results in his inability to earn ninety (90%) or more of his pre-injury wage. La. R.S. 23:1221(3)(a). Initially, the employee bears the burden of proving, by a preponderance of the evidence, that the injury resulted in an inability to earn that amount under the facts and circumstances of the individual case. Banks v. Industrial Roofing & Sheet Metal Works, Inc., 96-2840 (La.7/1/97), 696 So.2d 551. Once the employee's burden is met, the burden shifts to the employer who, in order *878 to defeat the claim for SEB or establish the employee's earning capacity, must prove by a preponderance of the evidence that the worker is physically able to perform a certain job which was offered to the employee or was available in his or the employer's community or reasonable geographic region. La. R.S. 23:1221(3)(c)(i); Banks, supra.
The record reveals that Howard suffered an extensive injury to his right wrist that required surgery and treatment over a long period of time. Even when he attempted to use the wrist as per Dr. Bailey's instructions, Howard continued to experience pain after he was released to light to medium duty on the job. Howard was not only evaluated by Dr. Bailey, but by Dr. Craig Springmeyer, an orthopedic surgeon who was selected by Lisa Anderson, the case manager assigned to Howard's case by LUBA. We believe that Howard met his burden to show that he was unable to earn 90% of his pre-injury wage. In compliance with Dr. Bailey's light to medium duty limitation, HCI agreed to modify Howard's heavy duty work. This modification demonstrated that Howard was certainly unable to earn 90% of his pre-injury wage as a heavy duty carpenter elsewhere. Nonetheless, the record also reflects that Howard was unable to perform the light to medium duty job for prolonged periods without substantial pain. As a result, he has shown his entitlement to SEB.
The WCJ accorded great weight to the video tape which allegedly depicted Howard using his right hand. The "use" to which the WCJ referred depicted Howard working in short intervals of two or three minutes, but it mostly showed him standing around drinking beer and talking. The work that Howard did in the video was not inconsistent with the gradual attempt to return to the full use of his wrist as per Dr. Bailey's instructions. Upon the initial review of this tape, the WCJ determined that it demonstrated that Howard was faking his injury. However, we rejected that view in the first appeal of this case. Upon remand, the WCJ used the same tape to conclude that even if the tape did not support the conclusion that Howard was faking, it supported the conclusion that Howard could indeed work and was not entitled to SEB. This finding was clearly erroneous.
When Howard returned to work on June 11, 2001, he attempted to work and use his right arm as per Dr. Bailey's instructions. Unfortunately, he began to experience pain to the point that he could no longer continue. Instead of seeking to afford Howard further opportunity to work a sedentary job, HCI sent Howard home and would not allow him to work at all. We conclude that HCI's lack of patience in working with Howard was done in bad faith based on the belief that Howard was faking or exaggerating his injury. However, this was not a case involving a subjective injury, but an undisputed CTS complication. HCI did not give Howard an opportunity to perform a sedentary job before giving up on him as a carpenter. At a minimum, HCI could have placed Howard in a minimum wage job, reducing its SEB liability.

Attorney Fees
The WCJ has great discretion to award or deny penalties and attorney fees, and her decision will not be disturbed absent abuse of discretion. Awards of penalties and attorney fees in workers' compensation cases are penal in nature, being imposed to discourage indifference and undesirable conduct by employers and insurers. Sharbono v. Steve Lang & Son Loggers, 97-0110 (La.7/1/97), 696 So.2d 1382. Although the Workers' Compensation Act is to be liberally construed in *879 regard to benefits, penal statutes are to be strictly construed. Williams v. Rush Masonry Inc., 98-2271 (La.6/29/99), 737 So.2d 41. The fact that an employer may be subjectively motivated to avoid paying compensation is not determinative. Neither is the fact that an employer loses a disputed claim. Sharbono, supra, at 1389. Further, penalties and fees are never assessed automatically against the losing party. Williams, supra, at 46.
However, La. R.S. 23:1201(F) provides for the imposition of penalties and attorney fees when indemnity or medical benefits due to the claimant are not paid timely. However, this does not apply if the claim is reasonably controverted, or if such nonpayment results from conditions over which the employer had no control. La. R.S. 23:1201(F)(2). In order to reasonably controvert a claim, the defendant must have some valid reason or evidence upon which to base the denial of benefits. Brown v. Texas-La Cartage, Inc., 98-1063, (La.12/1/98), 721 So.2d 885, 890. The question is whether the defendant "engaged in a non-frivolous legal dispute or possessed factual and/or medical information to reasonably counter the factual and medical information presented by the claimant throughout the time which they refused to pay all or part of the benefits allegedly owed." Brown, supra at 890.
As to the issue of TTD, we find no abuse of discretion by the WCJ in her imposition of the maximum $2,000.00 penalty or $500.00 in attorney fees. However, because we find bad faith on the part of HCI in accommodating Howard when he returned to work in a light to medium duty capacity and subsequent denial of SEB, we amend the previous award of fees and penalties to award an additional penalty of $2,000.00 and award an additional $1,000.00 in attorney fees.
WCJ's denial of claimant's right to choose physician.
Howard asserts that the WCJ committed legal error by denying his request for treatment by his choice of upper extremity specialist. We disagree. It is evident that Dr. Bailey was very liberal in his care and treatment of Howard before he released him to return to work in a modified capacity. The record shows that although Howard was experiencing pain, Dr. Bailey determined that Howard could return to light duty work and continue to use his wrist because Dr. Bailey believed that Howard's pain would abate over time. A workers' compensation claimant is not entitled to change his choice of physician, merely because the first physician has released a claimant to return to work, even where, as here, the release occurred while the claimant was still experiencing pain. Lang-Parker v. Unisys Corp., XXXX-XXXX (La.App. 1 Cir. 10/5/01), 809 So.2d 441. We find no error in the court's refusal to allow Howard to choose another doctor.

CONCLUSION
Based on the foregoing, we reverse the WCJ's denial of SEB, amend the award of penalties and attorney fees, affirm the WCJ's denial of Howard's request to choose a physician, and remand for a determination of the proper amount of SEB.
REVERSED IN PART, AMENDED IN PART, AND AFFIRMED IN PART, AND REMANDED.
APPLICATION FOR REHEARING
Before BROWN, STEWART, CARAWAY, PEATROSS and LOLLEY, JJ.
Rehearing denied.