894 So.2d 1091 (2005)
Paul THOMAS, Jr.
v.
BROWNING-FERRIS, INC.
No. 2004-C-1584.
Supreme Court of Louisiana.
February 25, 2005.
PER CURIAM.
This Court has previously stated that "the purpose of an imposition of penalties is to `nudge the employer into making timely payments when there is no reasonable basis for refusing or delaying its obligation.'" Brown v. Texas-LA Cartage, Inc., 98-1063 p. 13 (La.12/1/98), 721 So.2d 885, 893, citing Weber v. State, 93-0062 p. 8 (La.4/11/94), 635 So.2d 188, 193.
In this case, the employer based its denial of benefits on its assertion: (1) that the employee failed to timely report the accident; (2) that no accident occurred; and (3) that the injury was caused away from the workplace. The workers compensation judge found no support for the employer's claims. The record shows that the employee timely reported the accident; in fact, the employer began to investigate the accident within days of its occurrence. The workers compensation judge found the employee's version of the incident more credible than that of the employer. Moreover, the workers compensation judge found that the medical evidence left no doubt that the employee was disabled. Finally, the employers' claim that the injury occurred away from the workplace was based on the report of its investigator which was found to be unsubstantiated and impeached. The workers compensation judge found no evidence supported the employer's denial of the employee's claim for workers compensation benefits and imposed penalties and attorneys fees. We find no manifest error in that ruling.
Therefore, we find the court of appeal erred in reversing the assessment of attorneys fees and penalties and in assessing 25% of the costs of appeal to the plaintiff. We reverse the court of appeal, reinstate the assessment of attorneys fees and penalties against the employer and assess the employer with all costs of appeal.
VICTORY, J., would deny the writ.