HIGGINBOTHAM, J.
12In this workers’ compensation case, Sherry Hirstius appeals the decision of the workers’ compensation judge (WCJ) denying her claim for workers’ compensation benefits.
On April 9, 2010, Sherry Hirstius was employed in a supervisory capacity by Tropicare Service, LLC (Tropicare), when she allegedly felt her back pop while moving a pallet of plants. She sought medical treatment on April 14, 2010, and was diagnosed with an injury to her lower back. She sought workers’ compensation benefits from her employer, but her claim was denied. Thereafter, on June 3, 2010, Ms. Hirstius filed a disputed claim for compensation with the Office of Workers’ Compensation, seeking to collect workers’ compensation benefits, penalties, and attorney’s fees from Tropicare. Following a hearing before the WCJ, judgment was signed on March 28, 2011, denying her claim.
The Louisiana Workers’ Compensation Act provides coverage to an employee for personal injury caused by an accident arising out of and in the course of his employment. See La. R.S. 23:1031(A). An employee must prove the chain of causation required by the workers’ compensation statutory scheme, as adopted by the legislature, and must establish that the accident was employment-related, that the accident caused the injury, and that the injury caused the disability. Clausen v. D.A.G.G. Construction, 2001-0077 (La.App. 1st Cir.2/15/02), 807 So.2d 1199, 1201, writ denied, 2002-0824 (La.5/24/02), 816 So.2d 851.
Initially, a workers’ compensation claimant has the burden of establishing by a preponderance of the evidence that an accident occurred on the job and that he sustained an injury. Id. A worker’s testimony is sufficient to discharge the burden of proving an accident, provided that two elements are first satisfied: (1) no other evidence discredits or casts serious doubt upon the worker’s version of the incident, |3and (2) the worker’s testimony is corroborated by the circumstances surrounding the alleged incident. Carter v. Lakeview Regional Medical Center, 2004-1794 (La.App. 1st Cir.9/23/05), 923 So.2d 686, 688; Penn v. Options, Inc., 2002-1987 (La.App. 1st Cir.6/27/03), 858 So.2d 557, 560. Corroboration of the worker’s testimony may be provided by the testimony of fellow workers, spouses, or friends, or by medical evidence. Ardoin v. Firestone Polymers, L.L.C., 2010-0245 (La.1/19/11), 56 So.3d 215, 219. see also Roberts v. Thibodaux Healthcare Center, 2005-0774 (La.App. 1st Cir.3/24/06), 934 So.2d 84, 92.
As in other civil cases, in reviewing the WCJ’s factual determinations, including whether the employee has discharged his burden of proof, this court is bound by the manifest error standard of review. Lafleur v. Alec Electric, 2004-0003 (La.App. 1st Cir.12/30/04), 898 So.2d 474, 478, writs denied, 2005-0276, 2005-0277 (La.4/8/05), 898 So.2d 1287, 1288; Moran v. G & G Construction, 2003-2447 (La.App. 1st Cir.10/29/04), 897 So.2d 75, 79, writ denied, 2004-2901 (La.2/25/05), 894 So.2d 1148. Under that standard of review, an appellate court may only reverse a WCJ’s factual determinations if it finds from the record that a reasonable factual basis for the finding does not exist and that examination of the entire record reveals that the finding is clearly wrong. Stobart v. State Through Dept. of Transportation and Development, 617 So.2d 880, 882 (La.1993). Thus, where two permissible views of the evidence exist, the factfin-der’s choice between them cannot be manifestly erroneous or clearly wrong. Id. at 883.
*1217 On the date of the alleged accident, Ms. Hirstius was working with two other individuals, neither of whom witnessed the accident or was aware that she was injured. The WCJ, in written reasons for judgment, found the testimony that no one working with the claimant on that date was aware of any accident was important to Ms. Hirstius’s credibility. The judgment noted that Ms. Hirstius’s 14burden of proof was preponderance of the evidence and stated “[cjlaimant [Sherry Hirstius] did not carry her burden of proof that she was involved in an accident.” (Emphasis in original.)
Ms. Hirstius alleged that the WCJ did not appropriately apply the law as articulated by the Louisiana Supreme Court in Bruno v. Harbert Intern. Inc., 593 So.2d 357, 361 (La.1992). In the March 28, 2011 judgment, the WCJ cited Bruno and stated that “the worker’s testimony must be corroborated by the testimony of fellow workers, his spouse and other close family members, friends, or the introduction of medical evidence.” (Emphasis added.) The standard expressed in Bruno uses the disjunctive “or” instead of the conjunctive “and”; therefore, Ms. Hirstius contends that the WCJ incorrectly required corroborating testimony from each of the enumerated individuals. While this court recognizes that the judgment partially misstates the Bruno case, it is clear from the WCJ’s written reasons and judgment that it did not require testimony from each of the individuals listed and that it used the correct burden of proof.
After a thorough review of the evidence presented and considering the credibility determinations made by the WCJ, we conclude that the record reasonably supports the WCJ’s finding that Ms. Hirstius failed to prove by a preponderance of the evidence that she was involved in an accident on April 9, 2010, which would have entitled her to benefits under the Workers’ Compensation Act. Further, our review of the record establishes that the factual determinations of the WCJ were not clearly wrong.
For the foregoing reasons, the decision of the WCJ is affirmed. Costs of this appeal are assessed to Sherry Hirstius.
AFFIRMED.