HIGGINBOTHAM, J.
|2In this case, the former employer, Pet-rin Corporation (“Petrin”), and the workers’ compensation insurer, Louisiana Workers’ Compensation Corporation (“LWCC”), appeal the decision of the workers’ compensation judge (WCJ) finding in favor of the claimant, Alejandro Alvarez Vargas (“Mr. Alvarez”), and awarding him temporary total disability (“TTD”) benefits. The primary issue is whether the WCJ’s factual finding that Mr. Alvarez sustained a work-related injury was manifestly erroneous. Additionally, Mr. Alvarez answered the appeal, claiming that the WCJ manifestly erred in failing to assess penalties and attorney *486 fees against Petrin and LWCC. For the following reasons, we affirm the judgment below in all respects.
BACKGROUND
On the pertinent date in this case, July 11, 2011, Mr. Alvarez was a three-year Petrin employee, who did insulation and sheet metal work on pipes and other equipment. His first task that particular day involved obtaining measurements for insulating some pipes at the job site. The pipes were located low to the ground and behind other pipes, which required Mr. Alvarez to twist and reach while bending over on his knees. While maneuvering for the measurements, Mr. Alvarez “felt something in [his] lower back[,]” but he kept working, trying to finish the job. His back pain quickly increased to the point that he informed his supervisor within thirty minutes of starting the job that he needed to see a doctor for the “bad” pain. At the time, Mr. Alvarez was uncertain as to why he began to experience back pain, but he thought it might be a recurring kidney problem, although his back was not hurting before he arrived at work that day. Mr. Alvarez continued to work for approximately one more hour since his supervisor asked him to stay, but by 9:00 a.m., he could not work any longer due to increased pain. While the supervisor allegedly informed Mr. Alvarez that if he left it would be for the last time, he left |3the job anyway to seek medical treatment. Mr. Alvarez did not report a work accident before leaving the job site.
Mr. Alvarez saw Dr. Carlos R. Vazquez later that same day. He told Dr. Vazquez that he did not know what had triggered the pain, but he had experienced similar pain before when he had what he thought was a kidney problem. While at Dr. Vazquez’s office, Mr. Alvarez did not relate his back pain to any injury. Dr. Vazquez prescribed medication; however, the pain did not resolve and only became worse. Since Mr. Alvarez believed that he had been fired by Petrin and his back pain prevented him from returning to work, he sought the advice of an attorney. Thereafter, Petrin was notified of Mr. Alvarez’s July 11, 2011 accident and injury. Petrin filed a report of the injury with its workers’ compensation insurer, LWCC, on August 1, 2011. LWCC opened an investigation into Mr. Alvarez’s claim, took a recorded statement of Mr. Alvarez on August 22, 2011, and initially authorized an orthopedic evaluation and an MRI for him.
Meanwhile, Mr. Alvarez sought treatment from a chiropractor, Christine Ep-per, for a purported work-related injury from July 26, 2011, through August 25, 2011. The chiropractic treatment provided him limited relief. The chiropractor advised that Mr. Alvarez was totally incapacitated and could not return to work during the time period that he received treatment. Still unable to work a month later, on September 30, 2011, Mr. Alvarez was seen by an orthopedic surgeon, Dr. Thad S. Broussard, where he again gave the history of being hurt during the course of his job duties on July 11, 2011. Dr. Broussard ordered an MRI, which revealed three levels of abnormality in Mr. Alvarez’s back: a disc herniation, a disc bulge, and a disc protrusion. Dr. Broussard opined that Mr. Alvarez’s complaints of pain and symptoms were consistent with the MRI results and that Mr. Alvarez’s work accident caused his back condition to become symptomatic. Dr. Broussard recommended conservative treatment consisting of physical therapy, medications, |4and injections, as well as a possible referral to a neurosurgeon. Additionally, Dr. Brous-sard advised that Mr. Alvarez should not return to work, as he was temporarily totally disabled.
*487 Before LWCC received Mr. Alvarez’s medical records from Dr. Broussard, a decision was made to deny the claim on the basis that Mr. Alvarez did not report an accident after it allegedly occurred and there were no witnesses to the alleged accident. In support of the decision to deny benefits, the LWCC claims’ adjuster, Melissa Vaughn, relied on Mr. Alvarez’s statements indicating that he initially thought the back pain was the same as he had previously experienced with a self-diagnosed kidney problem that had resolved with a home remedy. She also relied on the medical records from Dr. Vazquez indicating that on the day of the alleged accident, Mr. Alvarez reported “no injury” and related the onset of his back pain to two years earlier.
When his claim for workers’ compensation benefits was denied, Mr. Alvarez filed a disputed claim for compensation with the Office of Workers’ Compensation on November 4, 2011. He sought to collect benefits, penalties, and attorney’s fees from Petrin and LWCC. Following a hearing before the WCJ, a judgment was signed on May 1, 2012, in favor of Mr. Alvarez. The WCJ specifically found that Mr. Alvarez was credible and that he had suffered an on-the-job accident on July 11, 2011, in which he sustained an injury to his back. The WCJ awarded Mr. Alvarez TTD benefits from the date of the accident through November 1, 2011, plus all reasonable and necessary medical treatment related to his injuries suffered in the accident. Finally, the WCJ found that Petrin and LWCC had reasonably controverted Mr. Alvarez’s entitlement to benefits, and therefore, no penalties or attorney fees were assessed against Petrin and LWCC.
Petrin and LWCC appeal, maintaining that the WCJ erred in finding Mr. Alvarez had carried his burden of proof as to a work accident and an injury. Petrin lBand LWCC also argue that the WCJ erred in finding that Mr. Alvarez was entitled to TTD and medical benefits, that the medical treatment was reasonable and necessary, and that Petrin and LWCC must pay for Mr. Alvarez’s medical treatment. Mr. Alvarez answered the appeal, asserting that the WCJ erred in concluding that Petrin and LWCC had reasonably controverted the claim, thus maintaining that penalties and attorney fees are due.
LAW AND ANALYSIS
Petrin and LWCC basically contend that the WCJ committed error in finding that Mr. Alvarez carried his burden of proving that he was injured in the course ' and scope of his. employment at Petrin. Essentially, Petrin and LWCC urge us to overturn the WCJ’s credibility evaluation of Mr. Alvarez. Petrin and LWCC point out the alleged discrepancy between Mr. Alvarez’s initial complaints of back pain that were linked to a possible kidney problem, rather than an injury, and his subsequent complaints of back pain purportedly due to an injury in an unwit-nessed work accident that was formally reported several weeks after the injury.
A workers’ compensation claimant has the burden of establishing by a preponderance of the evidence that an accident occurred on the job and that he sustained an injury. See La. R.S. 23:1031; Hirstius v. Tropicare Service, LLC, 2011-1080 (La.App. 1st Cir.12/21/11), 80 So.3d 1215, 1216. A worker’s testimony alone may be sufficient to discharge this burden of proof, provided two elements are satisfied: (1) no other evidence discredits or casts serious doubt upon the worker’s version of the incident; and (2) the worker’s testimony is corroborated by the circumstances following the alleged incident. Hirstius, 80 So.3d at 1216. Corroboration of the worker’s testimony may be provided *488 by the testimony of fellow workers, spouses, or friends, or by medical evidence. Id.
Determining whether the worker has discharged his burden of proof requires the WCJ to accept as true a witness’s uncontradicted testimony, absent | c,circumstances casting suspicion on the reliability of this testimony, Bruno v. Herbert Intern. Inc., 593 So.2d 357,-361 (La.1992). Further, the WCJ’s determinations as to whether the worker’s testimony is credible and whether the worker has discharged his burden of proof are factual determinations not to be disturbed on review absent a showing of manifest error. Id. Under the manifest error standard of review, an appellate court may only reverse a WCJ’s factual determinations if it finds from the record that a reasonable factual basis for the finding does not exist and that examination of the entire record reveals that the finding is clearly wrong. Stobart v. State through Dept. of Transp. and Development, 617 So.2d 880, 882 (La. 1993). Thus, where two permissible views of the evidence exist, the fact finder’s choice between them cannot be manifestly erroneous. Id. at 883. Nonetheless, where documents or objective evidence so contradict the witness’s story, or the story itself is so internally inconsistent or implausible on its face that a reasonable fact finder would not credit the witness’s story, the court of appeal may find manifest error even in a finding purportedly based upon a credibility determination. Rosell v. ESCO, 549 So.2d 840, 844-45 (La.1989).
The WCJ apparently accepted as true Mr. Alvarez's testimony regarding the work-related accident. In so doing, the WCJ found and noted in the judgment that Mr. Alvarez was “credible” and that he had “suffered an accident on July 11, 2011, when he bent down on his knees and twisted to reach a pipe while taking measurements for insulation[,] ... sustaining] an injury to his back[.]” While there may have been a discrepancy between Mr. Alvarez’s first impression of his back pain as being similar to a prior self-diagnosed kidney problem and his realization a few weeks later that his back pain was obviously due to an injury he sustained while reaching and twisting for measurements at work on the morning of July 11, 2011, and while Mr. Alvarez may not have initially reported a work 17accident because he was uncertain as to what caused his back pain, we find that these “discrepancies” do not mandate overturning the WCJ’s credibility determinations.
A worker’s delay in reporting an injury is more corroborative of his initial unawareness of the seriousness of the injury than it is any cause to doubt his credibility about its occurrence, Bruno, 593 So.2d at 363. This is especially true when, as in the instant case, the delay is of a relatively short duration such as a few weeks. Id. Another fact finder may have made different credibility determinations and weighed the evidence differently, but we do not find that the WCJ was clearly wrong in rejecting the attack on Mr. Alvarez’s credibility.
We further note that Dr. Broussard’s deposition testimony and the objective MRI results were consistent with and corroborated Mr. Alvarez’s testimony that he was not experiencing daily back pain until he injured his back at work on My 11, 2011. Dr. Broussard testified that while Mr. Alvarez’s onset of changes noted on the MRI could have been present before the work accident, Mr. Alvarez’s work accident caused his back condition to become symptomatic to thé point that he sought medical treatment. Dr. Broussard reconciled Dr. Vazquez’s different history of intermittent back pain for two years by acknowledging that Mr. Alvarez reported that his back pain began on the date that he first sought medical treatment for back *489 pain, which was the same date.that Mr. Alvarez testified that he was injured at work on July 11, 2011. Dr. Broussard testified that Mr. Alvarez’s complaints of pain were consistent.
Workers’ compensation benefits are payable when a work-accident aggravates or accelerates a pre-existing latent back condition, producing disability. See Bruno, 598 So.2d at 363. “A claimant’s disability is presumed to have resulted from an accident, if before the accident the injured person was in good health, but commencing with the accident the symptoms of the disabling condition |8appear and continuously manifest themselves af-terwards, providing that the medical evidence shows there to be a reasonable possibility of causal connection between the accident and the disabling condition.” Id., quoting West v. Bayou Vista Manor, Inc., 371 So.2d 1146, 1149 (La.1979).
The record contains medical evidence showing that Mr. Alvarez was in good health before going to work on July 11, 2011, and became symptomatic immediately, and experienced back pain continuously, after the work accident that morning, thereby preventing Mr. Alvarez from working since that date. There is no evidence in the record that shows Mr. Alvarez was medically treated for back pain prior to July 11, 2011. Thus, we conclude the WCJ did not manifestly err in concluding that Mr. Alvarez had met his burden of establishing a work-related accident by a preponderance of the evidence, and that Mr. Alvarez was entitled to all reasonable and necessary medical treatment related to the back injury he sustained in the accident. The record contains no evidence that suggests the medical treatment received by Mr. Alvarez was unrelated to his work injury.
Additionally, we note that an employee seeking TTD benefits must prove by clear and convincing evidence— that is, to demonstrate that the existence of a disputed fact is much more probable than not — that he is physically unable to engage in any employment. See La. R.S. 23:1221(1)(c); McCray v. Delta Industries, Inc., 2000-1694 (La.App. 1st Cir.9/28/01), 809 So.2d 265, 268. The claimant must introduce objective medical evidence of the disabling injury. Id. at 269. Disability can be proven by medical and lay testimony. The WCJ must weigh all the evidence, medical and lay, in order to determine if the claimant has met his burden. Id. Mr. Alvarez introduced objective medical evidence through Dr. Broussard’s testimony and the chiropractic medical records, as well as his own testimony that he was unable to return to work because of his back injury. Because no other evidence was presented that would indicate that Mr. Alvarez could return |3to work in any capacity after he was injured, the WCJ properly concluded that Mr. Alvarez was entitled to TTD benefits from the date of the work accident through the last date of documented medical treatment, November 1, 2011.
Finally, as for Mr. Alvarez’s answer to this appeal, he asserts that he is entitled to penalties and attorney fees because Petrin and LWCC did not reasonably controvert his claim. The failure to provide payment of benefits will result in a penalty and attorney fees assessment unless “the claim is reasonably controverted or if such nonpayment results from conditions over which the employer or insurer had no control.” La. R.S. 23:1201(F)(2); McCarroll v. Airport Shuttle, Inc., 2000-1123 (La.11/28/00), 773 So.2d 694, 698. The phrase “reasonably controverted” means that the employer or its insurer must have “some valid reason or evidence” on which to base the denial of benefits. Brown v. Texas-LA Cartage, *490 Inc., 98-1063 (La.12/1/98), 721 So.2d 885, 890. To determine whether a claimant’s claim was reasonably controverted, the WCJ must ascertain whether the employer or its insurer possessed factual and/or medical information to reasonably counter the factual and medical information presented by the claimant throughout the time the employer and its insurer refused to pay all or part of the benefits allegedly owed. Id. We review a WCJ’s decision regarding the assessment of penalties and attorney fees pursuant to the manifest error standard. See Thomas v. Browning-Ferris, Inc., 2004-1584 (La.2/25/05), 894 So.2d 1091 (per curiam).
Although the WCJ accepted Mr. Alvarez’s testimony regarding the work accident and injury, as well as Dr. Broussard’s medical opinion as to Mr. Alvarez’s back injury and disability, the record contains some evidence of inconsistencies as to what Mr. Alvarez initially believed was the cause of his back pain and what he reported to Dr. Vazquez on the date of the accident. Relying on the lack of a reported work accident, the lack of witnesses to the accident, and Dr. Vazquez’s [ lflmedical record stating that “no injury” had occurred on the date of the accident, LWCC denied Mr. Alvarez’s benefits. While these facts were ultimately found to be inadequate to defeat Mr. Alvarez’s claim, we agree they were sufficient to reasonably controvert the claim. We detect no manifest error in the WCJ’s conclusion. Therefore, no penalties or attorney fees are warranted.
CONCLUSION
For the reasons expressed, the judgment of the WCJ is affirmed in all respects. Costs of this appeal are assessed equally between the parties.
AFFIRMED.
McCLENDON, J., concurs and assigns reasons.