STONE, J.
11 Appellee, Dennis Diel, began receiving indemnity benefits and necessary medical expenses after he injured his back while working for Defenders Security Company. Thereafter, the physician treating him for his back requested authorization for a lumbar discography. The request was denied by his workers’ compensation carrier, Travelers Property & Casualty Company of America, and thereafter, the Office of Workers’ Compensation. Appellee appealed to the WCJ, and after a hearing, the WCJ reversed the decision of the OWCA and granted authorization for the lumbar discography. For the ensuing reasons, we affirm.
FACTUAL AND PROCEDURAL HISTORY
' On August 10, 2015, Dennis Diel (“Diel”) suffered a back injury while working for Defenders Security Company (“Defenders”). As a result of Diel’s injuries and *756 continuous pain, Diel’s treating physician, Dr. Bernie McHugh (“Dr. McHugh”), filed a form 1010 requesting authorization for Diel to undergo a lumbar discography (“discogram”). The request was sent to Defenders’ insurer, Travelers Property and Casualty Company of America (“Travelers”). Travelers deemed the discogram unnecessary and denied the request.
Dr. McHugh timely filed a form 1009 to request a medical review of the claim with the Office of Workers’ Compensation Administration (“OWCA”). The OWCA rendered a decision denying the discogram. This decision was made by Dr. Kevin Martinez (“Dr. Martinez”), who was ^designated as “Assistant Medical Director, ad hoc.”[1] Diel timely filed a form 1008 Disputed Claim for Compensation, seeking to have the denial reviewed by the Workers’ Compensation Judge (“WCJ”). Defenders and Travelers (jointly, “Defendants”) filed exceptions of no subject matter jurisdiction and prematurity arguing Dr. Martinez was a private physician and not a statutorily qualified “Medical Director” or “Associate Medical Director,” as required by La. R.S. 23:1203.1 (“Article 1203.1”).
In the midst of these proceedings, Travelers had Diel examined by Dr. Donald Smith (“Dr. Smith”), who opined Diel could return to work. Since Dr. Smith’s opinion contradicted Dr. McHugh’s, Defendants scheduled an independent medical examination (“IME”) for Diel. Diel filed a motion for a protective order to have any such examination stayed until the WCJ ruled on whether the discogram was necessary. Thereafter, the WCJ overturned Dr. Martinez’s ruling and ordered the dis-cogram be done. Additionally, the WCJ denied Defendants’ exceptions, finding there was no evidence indicating Dr. Martinez was not a full-time physician with the OWCA, or that he was engaged in private practice during the time he acted as ad hoc Assistant Medical Director.
At some point, the OWCA tendered a letter wherein it stated Dr. Martinez was not a full-time employee of the OWCA. Consequently, ■ Defendants filed a motion for a new trial on the subject matter jurisdiction and prematurity issues. The WCJ granted the motion for new trial. After hearing and reviewing the newly presented evidence, the WCJ maintained its Isprevious ruling, ordering the discogram be done. The WCJ also granted Diel’s protective order, ruling the IME would not take place until the results of the disco-gram were received and acted upon. Defendants now appeal the WCJ’s judgment denying its exceptions and granting Diel’s protective order.
STANDARD OF REVIEW
Factual findings in workers’ compensation cases are subject to the manifest error rule. Buxton v. Iowa Police Dept., 2009-0520 (La. 10/20/09), 23 So.3d 275; Hill v. IASIS Glenwood Regional Med., 50,531 (La. App. 2 Cir. 05/18/16), 195 So.3d 536, writ denied, 2016-1357 (La. 11/07/16), 209 So.3d 104. Under this rule, the reviewing court does not decide whether the WCJ was right or wrong, but only whether its findings are reasonable. Id. When there are two permissible views of the evidence, the WCJ’s choice between them can never be manifestly erroneous or clearly wrong. Id. The reviewing court is emphatically not permitted to reweigh the evidence or reach its own factual conclusions from the record. Marange v. Custom Metal Fabrica *757 tors Inc., 2011-2678 (La. 07/02/12), 93 So.3d 1253; Hill, supra.
DISCUSSION
Exceptions and Burden of Proof
Defendants argue the WCJ erroneously denied their declinatory exception of no subject matter jurisdiction and dilatory exception of prematurity. According to Defendants, the WCJ lacked jurisdiction to review the ruling of the OWCA because Dr. Martinez, an ad hoc assistant medical director, was not a “Medical Director” or “Associate Medical Director,” as required by Article 1203.1. Additionally, because no statutory | ¿medical director rendered a decision that the WCJ could review, the matter was prematurely filed with the WCJ,
Alternatively, Defendants argue if this Court determines the WCJ did have subject matter jurisdiction and the matter was not premature, Diel did not prove by clear and convincing evidence that Dr. Martinez’s decision to deny the discogram was not in accordance with the Medical Treatment Guidelines (“MTGs”).
La. R.S. 23:1203.1(J) provides in pertinent part:
After a medical provider has submitted to the payor the request for authorization and the information required by the Louisiana Administrative Code, Title 40, Chapter 27, the payor shall notify the medical provider of their action on the request within five business days of receipt of the request. If any dispute arises after January 1, 2011, as to whether the recommended care, services, or treatment is in accordance with the medical treatment schedule, or whether a variance from the medical treatment schedule is reasonably required as contemplated in Subsection I of this Section, any aggrieved party shall file, within fifteen calendar days, an appeal with the office of workers’ compensation administration medical director or associate medical director on a form promulgated by the director. The medical director or associate medical director shall render a decision as soon as is practicable, but in no event, not more than thirty calendar days from the date of filing.
Additionally, La. R.S. 23: 1203.1.1 states the following:
A. The director shall hire a medical director and an associate medical director to render decisions on disputed cases filed pursuant to R.S. 23:1203.1(J).
B. The medical director and associate medical director shall be full-time public employees of the office of workers’ compensation administration and shall not engage in the practice of medicine outside the office.
The inquiry before this Court rests upon how the WCJ should proceed after determining an OWCA decision was not rendered by a statutorily defined medical director. This matter presents a novel question to this circuit, and to date, appears to have been addressed by only one other circuit. In Spikes v. Louisiana Commerce & Trade Ass’n, 2013-919 (La. App. 3 Cir, 07/02/14), 161 So.3d 755, the plaintiff injured her back at work, and her doctor referred her to a psychologist, Dr, Quillin. Dr. Quillin submitted requests to the plaintiffs employer’s insurer for treatment, which were denied. He then appealed the denials with the OWCA, and the OWCA denied the appeals. The WCJ held the decisions issued by the OWCA that were rendered by a physician other than the medical director did not comply with the provisions of the MTGs. On appeal, the third circuit found no error with the WCJ’s determination. The third circuit concluded that the clear and convincing standard of review did not apply to Dr. *758 Quillin’s appeals to OWCA or to the present appeal, stating that they would review the record in its entirety to determine whether the record reflected “a reasonable basis for the WCJ’s decision.”
In the matter sub judice, the WCJ agreed with Defendants that Dr. Martinez’s decision denying Diel’s discogram was invalid because Dr. Martinez was not a Medical Director or an Associate Medical Director, as contemplated by La. R.S. 23:1203.1.1 (“Article 1203.1.1”). However, relying on Spikes, the WCJ found it did have subject matter jurisdiction, Diel’s WCJ filing was not premature, and Diel’s discogram was necessary. The WCJ awarded Diel’s discogram. Likewise, this Court is also inclined to adhere to the third circuit court’s ruling in Spikes. We find no error with the WCJ’s determination that the decisions of the OWCA and Dr. Martinez did not comply with Article 1203.1.1 or the MTGs, and conclude the clear and convincing standard of review does not apply to Dr. McHugh’s appeal to the OWCA or to the present appeal. Accordingly, this Court must make a |fidetermination as to whether a reasonable basis exists for the WCJ’s decision to grant the discogram.
The MTGs provide, in pertinent part:
[[Image here]]
d. Provocation Discography
i. Description. Discography is an accepted, but rarely indicated, invasive diagnostic procedure to identify or refute a discogenic source of pain for patients who are surgical candidates!-]
* * *
iii. Pre-conditions for provocation discography include all of the following:
a.A patient with functionally limiting, unremitting back and/or leg pain of greater than four months duration in whom conservative treatment has been unsuccessful and in whom the specific diagnosis of the pain generator has not been made apparent on the basis of other noninvasive imaging studies (e.g., MRI, CT, plain films, etc.). It is recommended that discography be reserved for use in patients with equivocal MRI findings, especially at levels adjacent to clearly pathological levels!-]
b. Psychosocial Evaluation has been completed!-]
c. Patients who are considered surgical candidates!-]
Diel testified that after injuring his back at work, he was under the care of a chiropractor for at least 14 weeks. However, after continuous treatments, his pain levels did not decrease so the chiropractor referred him to a neurosurgeon, Dr. McHugh. Diel testified that prior to referring him to Dr. McHugh, the chiropractor obtained numerous MRIs and X-rays. Diel also stated he was taking several medications; however, his pain had not diminished. Diel further stated ■ he and Dr. McHugh discussed the possibility of him having back surgery. On cross-examination, Diel indicated he was undergoing pain management and physical therapy, and that he had received one epidural shot for the injury.
17The WCJ determined that based on Diel’s testimony and medical reports, the MTGs, and Dr. Martinez’s written explanation for denying the discogram, Diel met the requirements for a discogram. The WCJ found that Diel had undergone four months of unsuccessful conservative treatment and there was no specific diagnosis of his pain generator because Diel’s medi *759 cal reports indicated his pain could potentially be originating from any one of three levels. As it pertained to the psychological aspect of the discogram, the WCJ noted it could not find “any medical evidence where the treating physician felt that the symptoms that [Diel] is complaining of is not correlating with the complaints or with [the physician’s] finding.”
Based on a review of the record, we find there was a factual basis for the WCJ’s reversal of Dr. Martinez’s decision. Diel’s MRI indicated his pain could be coming from a small disk herniation at L5/S1 with mild compression of the fecal sac and with mild spinal canal stenosis, a disc bulge with facet joint disease bilaterally at the L4/5 level, or a mild disc bulging and facet joint disease at L3/4. Diel’s chiropractic care, physical therapy, and medications have proven to be unsuccessful in treating his pain, and his treating physician has stated Diel may require surgery to relieve him of the continuous and ongoing pain. Thus, the WCJ’s conclusion that Diel’s circumstances satisfied the requirements necessary for a discogram is reasonable.
Protective Order
Defendants argue the WCJ erroneously granted Diel’s motion for a protective order. It appears Defendants scheduled the IME in an attempt to have Diel return to work, without giving him the discogram. Ostensibly, if the discogram identifies Diel’s pain generators and surgery is required, he [«will either not be able to return to work or will be very limited in the scope of his work, and thus the IME could prove unnecessary. The protective order prevents Defendants from denying Diel’s medical treatment and sending him back to work prematurely. We find no error in the WCJ’s decision to grant Diel’s protective order, pending the outcome of the discogram.
CONCLUSION
For the foregoing reasons, the WCJ’s judgments denying the Defendants’ exceptions, ordering the discogram, ■ and granting Diel’s protective order, are affirmed. Costs of this appeal are assessed to Defendants.
AFFIRMED.
BLEICH, J. (Pro Tempore), concurs in the result.

. At the time of Dr. McHugh’s form 1009 filing, the prior appointed Medical Director had resigned and the OWCA had not yet found a replacement. Instead, the OWCA employed physicians on an ad hoc basis to review the form 1009 appeals,