BROWN, C.J.
*683 This is a workers' compensation case. Defendant, the Northwest Louisiana War Veterans Home, has appealed from a judgment awarding claimant, Rebecca Johnson, Supplemental Earnings Benefits ("SEB") for three and one-half months, together with attorney fees and a penalty. Claimant answered the appeal, seeking an additional attorney's fee for work performed in conjunction with this appeal. For the reasons set forth below, we amend the judgment of the workers' compensation judge ("WCJ") to award an additional attorney's fee, and, as amended, affirm the judgment.
FACTS/PROCEDURAL HISTORY
Claimant, Rebecca Johnson, was employed as a psych aide supervisor at the Northwest Louisiana War Veterans Home in Bossier City, Louisiana. On June 19, 2013, she sustained a compression injury to her right hand and right middle and ring fingers when a metal bed side rail collapsed. The claim was accepted as compensable by defendant.
On June 18, 2014, Ms. Johnson's treating orthopedic surgeon, Ellis Cooper, performed a right middle finger A1 pulley release. Claimant was paid Total Temporary Disability ("TTD") benefits at the weekly rate of $320.21 from June 17, 2014, through November 4, 2014. Ms. Johnson thereafter returned to work in a modified capacity and eventually returned to work in her pre-accident capacity.
On January 25, 2016, which was more than one year after Ms. Johnson received her last TTD benefit payment, Dr. Cooper performed a right ring finger A1 pulley release on claimant. On February 5, 2016, Ms. Johnson saw Dr. Cooper, whose notes indicate that her pain was adequately controlled, although swelling and stiffness were still present. Dr. Cooper also noted, "[H]ealed surgical site, no evidence of infection, minimal swelling and mildly limited IP and MP motion. No triggering is present. Sensation is intact in all nerve distributions." He further directed that "[t]he patient will continue to limit activity with the affected hand for 2 weeks and advance activities as tolerated after that. Begin soft tissue massage as directed. An occupational therapy consult [has] been generated."
On January 13, 2016, approximately two weeks before Ms. Johnson's second surgery, her attorney sent a letter to Elaine Clark, defendant's workers' compensation claims manager, notifying her of claimant's upcoming surgery and of their plan that claimant would be able to work, with restrictions, following this procedure.[1] Ms. Johnson's counsel asked for confirmation that defendant would accommodate any work restrictions and/or that SEB would be paid.[2] Thereafter, upon receipt of the information contained in the February 5, 2016, post-surgery report, defendant's workers' compensation claims manager sent Dr. Cooper a request for more specific information about claimant's work restrictions, but did not follow up when no response was forthcoming.
In the meantime, defendant sent Ms. Johnson a packet with several documents related to the Family and Medical Leave Act ("FMLA"), including instructions to have her treating physician fill them out and return them by March 28, 2016. Claimant did so, then requested that SEB
*684 be initiated retroactive to January 25, 2016, the date of her second surgery. However, defendant refused to pay SEB, relying upon the recommendation of its claims examiner, whose determination to deny SEB to claimant was based solely upon one of Dr. Cooper's responses in the FMLA form. Specifically, skipping over Dr. Cooper's enumerated list of job functions claimant would be unable to perform-"no pushing, pulling, lifting, flexing, extending, or repetitive use of the right hand"-the claims examiner concluded that Ms. Johnson was totally, temporarily disabled by Dr. Cooper's indication that claimant would be "incapacitated for a single continuous period of time due to his/her medical condition, including any time for treatment and recovery" from "01/25/16 to 04/18/16 approximately."
Ms. Johnson filed a Disputed Claim for Compensation (LDOL-1008) on April 5, 2016. Trial was held on December 5, 2016. Claimant testified that after her follow-up visit to Dr. Cooper on February 5, 2016, she began occupational therapy on her right hand and was capable of performing some type of modified work from February to April 2016, as she had done previously following her first surgery.
After hearing the testimony and considering the evidence, the WCJ found that the medical records were ambiguous as to Ms. Johnson's ability to work and that the claimant was credible in her testimony that she could have performed modified work after February 5, 2016. The WCJ awarded claimant SEB at a weekly rate of $320.21 for the period of February 5, 2016, to April 25, 2016. The WCJ further found that as of February 5, 2016, defendant was aware of medical records indicating that Ms. Johnson could do some type of work and that when Dr. Cooper did not respond to defendant's written request regarding restrictions, the insurer should have followed up by contacting either Dr. Cooper or claimant to find out what type of work, if any, Ms. Johnson was capable of doing. The WCJ awarded claimant a $2,000 penalty and an attorney's fee of $3,200. It is from this adverse judgment that defendant has appealed.
DISCUSSION
On appeal, defendant urges first that the WCJ improperly awarded Ms. Johnson SEB. According to defendant, claimant was temporarily and totally disabled after her January 25, 2016, surgery, and unable to work at all. Because this was more than one year since she had last received TTD benefits, pursuant to La. R.S. 23:1209(A)(1), her claim was prescribed. However, we note that claimant's SEB claim would not prescribe until three years after the last TTD payment. See La. R.S. 23:1209(A)(2).
Factual findings in workers' compensation cases are subject to the manifest error standard of review. Lafayette Bone & Joint Clinic v. Louisiana United Business SIF , 15-2137 (La. 06/29/16), 194 So.3d 1112. Under this standard, the reviewing court does not decide whether the WCJ was right or wrong, but only whether the Compensation Judge's findings are reasonable. Buxton v. Iowa Police Dept. , 09-0520 (La. 10/20/09), 23 So.3d 275 ; Crawford v. Town of Grambling , 51,090 (La. App. 2 Cir. 01/11/17), 211 So.3d 660, writ denied , 17-0284 (La. 04/07/17), 218 So.3d 110.
The purpose of SEB is to compensate the injured employee for the wage-earning capacity she has lost as a result of her accident. Banks v. Industrial Roofing & Sheet Metal Works, Inc. , 96-2840 (La. 07/01/97), 696 So.2d 551 ; McCoy v. W.A. Kendall & Co., Inc. , 50,187 (La. App. 2 Cir. 11/25/15), 181 So.3d 817. A workers' compensation claimant seeking SEB bears the burden of proving by a preponderance of *685 the evidence that the injury caused her inability to earn 90% or more of her average pre-injury wage. La. R.S. 23:1221(3)(a)(i). Once claimant meets this burden, the burden shifts to the employer who, in order to defeat a claim for SEB, must prove by a preponderance of the evidence that claimant is physically able to perform a certain job and that such a job was offered to claimant or was available in her or her employer's reasonable geographic region. La. R.S. 23:1221(3)(c)(i).
Because Ms. Johnson's claim for TTD benefits was prescribed, defendant took the position that claimant was temporarily and totally disabled after her January 25, 2016, surgery. In support of this position, defendant relied upon a portion of an FMLA form completed by Dr. Cooper mid-March 2016 that indicated that claimant was expected to be "incapacitated" from approximately January 25, 2016, to April 18, 2016. Defendant did not speak to either Dr. Cooper or claimant before concluding that claimant was unable to work following surgery, in spite of having received notice from her attorney before she even had surgery indicating Ms. Johnson's desire to either return to work post-surgery with restrictions or, if not feasible, to receive SEB.
In her oral reasons for judgment, the WCJ noted that there was no testimony from Dr. Cooper, and there was some ambiguity created by the medical records and other documentary evidence as to claimant's physical condition following surgery on January 25, 2016. Therefore, the best (but not only) evidence on the issue of claimant's entitlement to SEB was the testimony of Ms. Johnson herself, whom the WCJ found to be credible. Claimant stated that she was better after the surgery than she was before, when she was working full-time, and there was no reason that she could not have done her job afterwards, since she had actually improved. According to Ms. Johnson, as of her first post-operative visit, February 5, 2016, the pain was better, she was capable of using her hand, and she could have done some type of work. We cannot say that the WCJ committed manifest error in awarding SEB based upon her finding that claimant's injury prevented her from earning 90% of her pre-injury income from February 5, 2016, to April 25, 2016.
Defendant's second assignment of error is that penalties and attorney fees were not appropriate in this case. According to defendant, it reasonably controverted Ms. Johnson's request for SEB and, therefore, the WCJ's award of penalties and attorney fees must be set aside.
Louisiana Revised Statute 23:1201(F) governs the assessment of penalties and award of attorney fees for an employer's failure to pay benefits or authorize medical treatment. La. R.S. 23:1201(F)(2) provides that Subsection (F) is inapplicable if the claim is reasonably controverted or if such nonpayment results from conditions over which the employer had no control. Smith v. Graphic Packaging, Inc. , 51,590 (La. App. 2 Cir. 09/27/17), 244 So.3d 755, 2017 WL 4273701, writ denied , 17-1806 (La. 12/15/17), 231 So.3d 640 ; Arrant v. Wayne Acree PLS, Inc. , 51,238 (La. App. 2 Cir. 05/02/17), 218 So.3d 737. In order to reasonably controvert a claim, the defendant must have some valid reason or evidence upon which to base the denial of benefits. Id. ; Davenport v. Foster Farms, L.L.C. , 46,430 (La. App. 2 Cir. 07/13/11), 69 So.3d 1263, writ denied , 11-1781 (La. 10/14/11), 74 So.3d 213 ; Howard v. Holyfield Construction, Inc. , 38,728 (La. App. 2 Cir. 07/14/04), 878 So.2d 875, writ denied , 04-2303 (La. 01/07/05), 891 So.2d 684. Reasonably controverting a claim means that the employer has sufficient factual and medical information to reasonably *686 counter that provided by the claimant. Smith, supra ; Arrant, supra ; Maxwell v. Care Solutions, Inc. , 50,088 (La. App. 2 Cir. 09/30/15), 179 So.3d 650, writ denied , 15-1954 (La. 11/30/15), 184 So.3d 36. The crucial inquiry in determining whether to impose penalties and attorney fees is whether the payor had an articulable and objective reason to deny payment at the time it took action. Lafayette Bone & Joint Clinic, supra ; Authement v. Shappert Engineering , 02-1631 (La. 02/25/03), 840 So.2d 1181 ; Smith, supra ; Henderson v. Graphic Packaging, Inc. , 48,491 (La. App. 2 Cir. 11/20/13), 128 So.3d 599.
Awards of penalties and attorney fees in workers' compensation cases are essentially penal in nature and are intended to deter indifference and undesirable conduct by employers and insurers toward injured employees. Iberia Medical Center v. Ward , 09-2705 (La. 11/30/10), 53 So.3d 421 ; Smith, supra . The WCJ's grant or denial of penalties and attorney fees in a workers' compensation case is subject to manifest error review. Thomas v. Browning-Ferris Inc. , 04-1584 (La. 02/25/05), 894 So.2d 1091 ; Smith, supra ; Tingle v. Page Boiler, Inc. , 50,373 (La. App. 2 Cir. 01/13/16), 186 So.3d 220.
The WCJ based her award of penalties and attorney fees upon defendant's failure to controvert Ms. Johnson's claim after February 5, 2016. According to the WCJ, the only action taken by defendant to do so was the February 18, 2016, letter sent to claimant's treating physician. The WCJ further noted that once this initial communication was not answered by Dr. Cooper, it was incumbent upon defendant to follow up with a phone call to Dr. Cooper and/or obtain a statement from claimant herself regarding her physical abilities and any modifications required for her to return to work. We find no manifest error in the WCJ's award of penalties and attorney fees based upon her determination that defendant failed to reasonably controvert Ms. Johnson's claim.
In accordance with La. C.C.P. art. 2133, claimant has answered the appeal, requesting an increase in attorney fees for legal work performed in connection with this appeal. We award claimant's counsel an additional fee of $750 for his defense of the employer's unsuccessful appeal. See Frith v. Riverwood, Inc. , 04-1086 (La. 01/19/05), 892 So.2d 7 ; Smith, supra ; Maxwell, supra.
CONCLUSION
For the reasons set forth above, the judgment of the workers' compensation judge is amended to award an additional attorney's fee of $750. The judgment, as AMENDED, is AFFIRMED. Costs of this appeal are assessed, as allowed by law, against defendant, the Northwest Louisiana War Veterans Home.

See Claimant's Trial Exhibit A.

The record does not show that there was any confirmation or response to claimant's counsel's notification.