BLEICH, J. (Pro Tempore )
*140 Claimant, Mitchell Stringer, who was formerly employed as a site superintendent with Defendant, Hand Construction, LLC, has appealed from an adverse judgment rendered by the Workers' Compensation Judge ("WCJ") dismissing his claim for workers' compensation benefits, medical expenses, penalties, and attorney fees based upon her findings that Claimant was not an employee at the time of his accident, and that his injuries that resulted from the accident did not arise out of or in the course of his previous employment with Defendant. For the reasons set forth below, we affirm.
FACTS/PROCEDURAL BACKGROUND
This workers' compensation suit arises out of injuries sustained by claimant, Mitchell Stringer, on October 10, 2015, in an automobile accident in Little Rock, Arkansas. The evidence introduced at trial shows that Claimant was hired by defendant, Hand Construction, LLC, in Shreveport, Louisiana, sometime after September 30, 2014. From the date of his hire until approximately April 2015, Claimant worked as a site superintendent in Louisiana. From approximately April 2015 through the beginning of October 2015, Claimant worked in Williston, North Dakota, supervising construction of an apartment complex project.
Sometime in early October 2015, Claimant returned to Louisiana to work on a project at Haughton Middle School. While working at the Haughton project, he was called by John Provost, Vice President for Construction Operations for Hand Construction, to attend a meeting at the company office in Shreveport.
Both Provost and Adam Hubble, CFO for Hand Construction, testified that Claimant was informed at this meeting that his employment was terminated effective October 5, 2015. Claimant, however, contended that he was told that the North Dakota project was almost complete, and there would not be any more work for him. According to Claimant, Provost also told him that Claimant would receive two weeks' severance pay.
Provost and Hubble testified that Claimant returned the operational part of the Trimble GPS system to them at the meeting, but did not return his work-issued cell phone or laptop as requested because he wanted to remove his personal data from them. Claimant declined Defendant's offer to have his vehicle shipped to him from North Dakota and told Provost that he had just bought an airline ticket to return to North Dakota because of problems with one of the Trimble models. Claimant testified that the parties agreed that he would use the ticket to fly to North Dakota to retrieve his property and Defendant's GPS equipment. Provost and Hubble, on the other hand, stated that they offered to ship Claimant's pickup truck and personal belongings to his home in Mobile, Alabama. Claimant insisted he was going to pick up his truck from the North Dakota jobsite and offered to retrieve the GPS equipment and ship it back with the cell phone and laptop.
*141 Provost and Hubble were adamant in their testimony that they neither asked Claimant to travel to North Dakota nor sent him there to retrieve Defendant's equipment. Claimant testified that he did not perform any work duties for Defendant in North Dakota other than getting the equipment. He also stated that he used the company cell phone and credit card on his trip to North Dakota and back to his home in Alabama. Both Provost and Hubble testified to their awareness that Claimant still had a company credit card and company phone that he used on that last trip to and from North Dakota. Claimant charged all of his trip expenses, including fuel and a new set of tires, to the company credit card. According to Hubble, there were no restrictions on Claimant's travel arrangements. Both Provost and Hubble stated that they never instructed Claimant not to pick up the company's GPS equipment while he was in North Dakota. The evidence shows that Claimant's final paycheck from Defendant was dated October 9, 2015, and a check described in the ledger as "severance" was issued for the week ending October 16, 2015.
Claimant flew to North Dakota on October 8, 2015, and, as noted above, did nothing other than pick up his personal property, including his truck, and the Trimble equipment that were at the Williston site. On October 10, 2015, while traveling back from North Dakota, Claimant was involved in an automobile accident on Interstate 40 in Little Rock, Arkansas. Due to the injuries he sustained in that accident, Claimant was hospitalized at the University of Arkansas for Medical Sciences Hospital from October 10, 2015, through November 3, 2015. While in the hospital, Claimant underwent at least ten surgeries. Although Claimant is still undergoing medical treatment and despite sustaining permanently disabling injuries, he returned to modified employment with an Alabama employer in January 2017. At the time of trial, Claimant was still anticipating another surgery for a total knee replacement.
Claimant filed a Disputed Claim for Compensation (LWC-WC-1008) on June 29, 2016, seeking wage benefits, authorization for further medical treatment, payment of out-of-pocket medical expenses, and an award of penalties and attorney fees from Defendants, his former employer Hand Construction, LLC, and its workers' compensation insurer Zurich American Insurance Company.[1] Claimant described his accident and injury as follows: [Claimant] was on a "special mission" to retrieve surveying equipment for the [employer] from a jobsite in North Dakota. While returning home, he was involved in an accident with a tractor trailer, sustaining serious injuries to his lower extremities. At the time of the accident, Claimant was still on [employer's] payroll and travel expenses were paid by [employer].
Hand Construction, LLC, filed its answer on August 30, 2016, denying, inter alia , that: (1) Claimant was employed by Defendant on the date of Claimant's October 10, 2015, accident; (2) Claimant was performing services arising out of and during the course of employment with Defendant at the time of the accident; and (3) Claimant sustained a compensable injury on or about October 10, 2015, as a result of a work-related injury. A similar answer was filed by Zurich American Insurance Company on June 5, 2017. Both Defendants filed an amended answer on August 11, 2017, in which they asserted the affirmative defense of offset for any medical *142 expenses paid by Claimant's personal medical insurance.
Trial of this matter was held on August 15, 2017. After taking the matter under advisement, the WCJ found that Claimant was told by Defendant's representatives at the meeting on October 5, 2015, that his employment had been terminated, and that he was no longer performing services for Hand Construction at the time of his accident on October 10, 2015. The WCJ rendered judgment in favor of Defendants, dismissing Claimant's action with prejudice. It is from this judgment that Claimant has appealed.
DISCUSSION
Workers' compensation is a remedy between an employer and an employee; thus, absent an employer-employee relationship, generally there can be no compensation recovery. Johnson v. Alexander, 419 So.2d 451 (La. 1982). A claimant in a compensation action must establish "personal injury by accident arising out of and in the course of his employment." La. R.S. 23:1031(A) ; Marange v. Custom Metal Fabricators, Inc. , 11-2678 (La. 7/2/12), 93 So.3d 1253.
Factual findings in workers' compensation cases are subject to the manifest error standard of review. Lafayette Bone & Joint Clinic v. Louisiana United Business SIF , 15-2137 (La. 6/29/16), 194 So.3d 1112 ; Johnson v. Northwest Louisiana War Veterans Home , 51,875 (La. App. 2d Cir. 2/28/18), 246 So.3d 681. Under this standard, the reviewing court does not decide whether the WCJ was right or wrong, but only whether the Compensation Judge's findings are reasonable. Buxton v. Iowa Police Dept. , 09-0520 (La. 10/20/09), 23 So.3d 275 ; Johnson, supra ; Crawford v. Town of Grambling , 51,090 (La. App. 2d Cir. 1/11/17), 211 So.3d 660, writ denied , 17-0284 (La. 4/7/17), 218 So.3d 110. When there are two permissible views of the evidence, the WCJ's choice between them can never be manifestly erroneous or clearly wrong. Buxton, supra ; Diel v. Defenders Security Co. , 51,390 (La. App. 2d Cir. 6/21/17), 223 So.3d 754 ; Hill v. IASIS Glenwood Regional Medical , 50,531 (La. App. 2d Cir. 5/18/16), 195 So.3d 536, writ denied , 16-1357 (La. 11/7/1), 209 So.3d 104. The reviewing court is not permitted to reweigh the evidence or reach its own factual conclusions from the record. Marange, supra ; Hill, supra .
According to Claimant, the WCJ erred in failing to apply the presumption of employment set forth in La. R.S. 23:1044. Claimant urges that the evidence established that he was engaged in a "business pursuit" of Hand Construction at the time of his October 10, 2015, automobile accident. He urges this Court to reverse the WCJ's factual findings as manifestly erroneous, particularly the judge's conclusion that Claimant was not an employee at the time of his accident, and award him workers' compensation benefits, medical expenses, penalties, and attorney fees.
On the other hand, Defendant urges this Court to affirm the WCJ's judgment. According to Defendant, Claimant, who was terminated five days prior to his accident, was not rendering any service to Hand Construction at the time of his injury and therefore not entitled to the presumption of employment set forth in La. R.S. 23:1044. Furthermore, as a former employee , Claimant was: (1) not in the course of his employment with Defendant at the time of the accident; (2) unable to establish that his injuries were caused by an accident that arose out of his employment with Defendant; (3) not injured in an accident that arose out of his employment with Defendant; and, (4) not on a "special mission" for Defendant or within any other exception to the "coming and going" rule.
*143 Generally, the presumption of employment set forth in La. R.S. 23:1044 applies in situations involving disputes over whether a person is an employee or an independent contractor for purposes of workers' compensation. See Hillman v. Comm-Care, Inc. , 01-1140 (La. 1/15/02), 805 So.2d 1157 ; Shreveport v. Kingwood Forest Apartments , 32,370 (La. App. 2d Cir. 10/29/99), 746 So.2d 234 ; O'Bannon v. Moriah Technologies, Inc. , 15-1460 (La. App. 1st Cir. 6/3/16), 196 So.3d 127 ; Theodore v. Krazy Korner , 12-0173 (La. App. 4th Cir. 05/23/12), 95 So.3d 572. The presumption is not applicable in the instant case; there is no dispute that Claimant had been employed by Hand Construction. Instead, the salient issue is whether Claimant was employed by Defendant at the time of his accident on October 10, 2015 .
The following is excerpted from the WCJ's Opinion in support of her Judgment:
Based on the testimony, the court understands why there may be confusion or a misunderstanding of the exact date Stringer's termination would be effective. This confusion was contributed to by the lack of some document signed by both Hand Construction and Stringer stating the specific date of termination, as well as the payments which were voluntarily made by Hand Construction, after the [October 5, 2015] meeting, which included severance pay, the truck or travel expense, and the fact that the credit card privileges extended beyond the date of that meeting or some specific date.
What is clear from the testimony, is that Hand Construction no longer needed or desired the services of Stringer and had communicated that to him. Stringer had no further job, services, or activities of employment to perform. The payments made by Hand Construction were not wages earned for work performed. Further, the failure to cut off and/or protest the credit card charges being made by Stringer do not reflect an "interest in the transportation" of Stringer.
Stringer's employment with Hand Construction had been terminated and he was no longer performing services for Hand Construction at the time of the accident on October 10, 2015, in Little Rock, Arkansas. Further, Stringer's injuries that resulted from or were caused by the accident, which occurred on October 10, 2015, did not arise out of or in the course of his employment with Hand Construction.
The evidence shows that Claimant's trip to North Dakota was primarily a personal mission for which he was paid no wages. Likewise, Defendant's accommodation of Claimant's requests to use the previously purchased airplane ticket and temporarily retain his company-issued cell phone did not somehow extend or renew the former employment relationship between Claimant and Defendant, even taking into consideration the fact that he was planning on doing them a favor by personally picking up and shipping the Trimble equipment back to them (at the same time that he returned his cell phone and laptop).[2] We find no manifest error in the WCJ's determinations that Claimant's employment had been terminated as of the October 5, 2015, meeting, and that his accident and resulting injuries did not arise out of or in the course of any employment with Defendant.
CONCLUSION
For the reasons set forth above, the judgment of the Workers' Compensation *144 Judge is affirmed. Costs are assessed to Claimant, Mitchell Stringer.
AFFIRMED.

When used singularly herein, "Defendant" refers to Claimant's employer Hand Construction, LLC, and the plural form "Defendants" refers to both Claimant's employer and its workers' compensation insurer.

Apparently neither the cell phone and laptop nor the GPS equipment was ever returned to Defendant, having been damaged in the automobile accident.